462 P.2d 391

**Jeanne C. PROFFIT, Appellant,**

v.

**Delbert McVay PROFFIT, Appellee.**

No. 9678.

Supreme Court of Arizona.

In Banc.

Dec. 12, 1969.

James E. Flynn, Phoenix, for appellee.

Leo F. Corbet, Jr., Phoenix, for appellant.

HAYS, Justice.

Jeanne C. Proffit, defendant below, appeals from a trial court order judging her in contempt of court for refusal to comply with a divorce decree directing her to pay to her former husband, plaintiff, the sum of $6,300.

Plaintiff and defendant were married on February 25, 1966. Their marital relationship was apparently somewhat less than harmonious, for little more than two months

later, on May 4, 1966, plaintiff sued defendant for divorce.

Prior to the marriage, plaintiff owned several lady's rings, as well as some United States Series E Savings Bonds valued at $6,300. At the time of the parties' separation, these items were in possession of defendant wife, although they remained the separate property of plaintiff at all times. Soon after the divorce action was filed, the trial court issued a temporary restraining order, commanding defendant not to sell or otherwise dispose of the rings or savings bonds pending adjudication of the divorce action.

Subsequently, defendant filed an answer and counterclaim for divorce. Trial was held in the Maricopa County Superior Court on November 7, 1966, at which time defendant moved the court to strike her own answer and counterclaim, and confessed judgment for plaintiff. Defendant also relinquished possession of the rings to plaintiff, but admitted that the savings bonds had been redeemed for cash. The court granted defendant's motion, plaintiff introduced evidence in support of his complaint, and the court entered a judgment and decree of divorce in plaintiff's favor, which in part made the following findings and order:

"1. That the plaintiff owned as his sole and separate property, prior to the marriage of the parties hereto, United States Savings Bonds, Series E, in different denominations in the face value of Six Thousand Three Hundred ($6,300.-00) Dollars; that on or about March 11, 1966, the plaintiff surrendered said bonds to the United States Government for the purpose of having said bonds re-issued in the names of the plaintiff and defendant as co-owners, and that said bonds were re-issued as aforesaid and placed in a safety deposit box in the names of both of the parties hereto; that the plaintiff had the said bonds re-issued in the names of the parties hereto as co-owners for the purpose of avoiding probate in the event he pre-deceased the defendant; that thereafter subsequent to the separation of the parties hereto in April of 1966, the defendant secured possession of said bonds without the permission or knowledge of the plaintiff, and cashed them in, receiving therefore the sum of Six Thousand Three Hundred (6,300.00) Dollars; that the defendant has retained the said Six Thousand Three Hundred ($6,300.00) Dollars and has refused to turn over the said sum, or any portion thereof, to the plaintiff; that the plaintiff is entitled to the said Six Thousand Three Hundred ($6,300.00) Dollars;

\*    \*    \*    \*    \*    \*

"WHEREFORE, by virtue of the aforesaid premises and the law applicable thereto,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the bonds of matrimony existing between the plaintiff and the defendant be, and they are hereby, severed and forever set aside, and the plaintiff is hereby awarded a decree of absolute divorce from the defendant, and the parties hereto, and each of them, are hereby restored to the status of single persons.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the sum of Six Thousand Three Hundred ($6,-300.00) Dollars, which the defendant received upon cashing the United States Savings Bonds, Series E, hereinabove described, is the sole and separate property of the plaintiff, and the plaintiff is entitled to said sum, and the whole thereof, and the defendant is ordered and directed to deliver said sum to the plaintiff forthwith, and that the plaintiff do have and recover judgment of and from the defendant in the sum of Six Thousand Three Hundred (6,300.00) Dollars."

Defendant did not comply with the court order directing her to pay plaintiff the sum of $6,300, and several months later contempt proceedings were intiated against her. An order to show cause was issued

to defendant on March 1, 1967, and on July 13, 1967, the trial court entered the following contempt order:

"IT IS FURTHER ORDERED that the defendant be, and she is hereby, subject to such punishment as the court may impose, including incarceration in the County Jail for such period of time as the court may deem equitable and just in the premises for her willful, deliberate and contumacious contempt of this court."

Defendant's appeal from this order assigns two grounds of error: (1) That the trial court, under A.R.S. § 25–318, had no power to deal with the separate property of plaintiff except to impress a lien on such property; (2) that the trial court's judgment of contempt against defendant was violative of Ariz.Const. Art. II, § 18, A.R.S., prohibiting imprisonment for debt.

A.R.S. § 25–318 is part of a chapter of the Arizona Revised Statutes concerning "dissolution of marriage," and provides the procedure for partition and division of the community property of two parties to a divorce proceeding. The statute reads in pertinent part:

"A. In entering a judgment of divorce the court shall order such division of the property of the parties as to the court seems just and right, according to the rights of each of the parties and their children, without compelling either party to divest himself or herself of title to separate property. * * *

*   *   *   *   *   *

"D. The court may impress a lien upon the separate property of either party to secure the payment of any interest or equity the other party has in or to such separate property, or any equity which may have arisen in favor of either party out of their property transfers and dealings during existence of the marriage relationship * * *."

Defendant argues that the present case is governed by the above statute, and that the exclusive remedy provided by the statute as to separate property of either party is by

way of a lien. A.R.S. § 25–318, subsec. D. Therefore, concludes the defendant, the trial court had no power to order defendant to pay a sum of money to plaintiff.

We agree that the divorce court, in pronouncing a divorce decree, has no authority to compel either party to divest himself or herself of *title* to separate property. See A.R.S. § 25–318, subsec. A, and Porter v. Porter, 67 Ariz. 273, 285, 195 P.2d 132, 140 (1948). But in the present case, the court's order did not concern *title*, but *possession*. Defendant was in possession of a sum of money, obtained from the redemption of savings bonds, title to which had been adjudged in plaintiff. The divorce court, as a court of equity, certainly has the inherent power to direct one party to relinquish possession of separate property belonging to the other, just as it has the power to order a division and disposiion of the community property of two parties. We hold that the trial judge's order, embodied in the divorce decree, that the defendant pay a sum of money to plaintiff was lawful.

Does the constitutional prohibition of imprisonment for debt (Ariz.Const. Art. II, § 18) bar the divorce court from enforcing the aforementioned provision of the divorce decree by the power of contempt? There is authority in many jurisdictions for the proposition that a decree providing for the restoration, conveyance or division of property in divorce cases may be enforced by contempt proceedings. See Decker v. Decker, 52 Wash.2d 456, 326 P.2d 332 (1958); Harvey v. Harvey, 153 Colo. 15, 384 P.2d 265 (1963). We are of the opinion that the law of Arizona follows the above line of authority where a divorce decree orders the conveyance of a property *res*, but where, as here, the object of the court's order is a sum of money, such an order may not be enforced by contempt proceedings.

In Stone v. Stidham, 96 Ariz. 235, 393 P.2d 923 (1964), a divorce decree embodied the terms of a property settlement agreement directing husband to pay wife a sum

of $125.00 per month for ten years. The agreement specifically provided that the agreed sum was for the wife's share of the parties' community property. When the husband later failed in his regular payments to wife, he was held in contempt by the trial court, subject to confinement of six months in the Maricopa County Jail. We granted the husband's petition for a Writ of Prohibition, holding that in view of Art. II, § 18 of our constitution, the decree incorporating the property settlement agreement could not be enforced by contempt.

■ Our Stone v. Stidham opinion emphasized that notwithstanding Art. II, § 18, "when one fails, without good cause, to make the support payments for a former wife as ordered in a divorce decree, he may be imprisoned for contempt." 96 Ariz. at 237, 393 P.2d at 924. This is because of the nature of alimony, a term which "does not contemplate a settlement of property interest or general endowment of wealth. Like the alimentum in civil law from which the word was derived it has

for its sole object the provision of food, clothing, habitation and other necessities for support." *Id.* at 238, 393 P.2d at 925. "Support and alimony are based on the theory that there is a moral and social obligation to support one's child or former wife as well as the statutory duty imposed by law." *Id.* at 237–238, 393 P.2d at 924. But alimony and support payments are clearly differentiated from property settlement payments, the latter of which cannot be enforced by contempt proceedings.

The divorce decree directing defendant to pay a sum of money to plaintiff is affirmed and should be treated like any other judgment in favor of plaintiff. We hold that the trial court's contempt order was violative of Art. II, § 18 of our constitution. We therefore remand this case to the trial court to enter an order vacating the contempt order, and for any other proceedings not inconsistent with this opinion.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.