NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

ROSALINE A. OLADE, *Petitioner/Appellee,*

*v.*

MOSES OLADE, *Respondent/Appellant.*

No. 1 CA-CV 13-0296
FILED 10-09-2014

Appeal from the Superior Court in Maricopa County
No. DR1996-000441
The Honorable David J. Palmer, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Singer Pistiner, P.C., Phoenix
By Robert S. Singer
*Counsel for Petitioner/Appellee*

Nirenstein Garnice PLLC, Scottsdale
By Victor A. Garnice
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Jon W. Thompson joined.

---

**S W A N N**, Judge:

¶1 This family court case concerns a postdecree reapportionment of community property. We discern no error in the reapportionment itself, but conclude that the qualified domestic relations order ("QDRO") used to effect the reapportionment impermissibly reaches property beyond the court's jurisdiction. We therefore affirm the reapportionment, but vacate the QDRO and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

¶2 Husband and Wife married in 1971. In 1996, Wife served Husband with a petition for dissolution of the marriage. The following year, the court entered a decree of dissolution. In the decree, Husband and Wife stipulated to place a community-property rental property in Nigeria ("the Nigeria Property") into trust for their children subject to a life estate in Husband's mother.

¶3 Husband's mother died in 2004. In 2010, Wife filed a petition for contempt and modification of the decree, alleging that Husband had blocked efforts to transfer the Nigeria Property to the parties' children, and had retained all rental income from the property since his mother's death. Wife requested that the decree be modified to award her a portion of Husband's Arizona State Retirement System ("ASRS") account, previously awarded to Husband as separate property, to offset his retention of the Nigeria Property.

¶4 After an evidentiary hearing, the superior court entered a judgment granting most of the relief that Wife requested, including her request to modify the decree. The court awarded the Nigeria Property to Husband as his separate property and awarded $66,666 to Wife as one-half of the value of the property. The court ordered that to the extent this award did not exceed one-half of the value of the community portion of Husband's ASRS account, the award was to be paid from that account via a QDRO, with Wife free to pursue all other actions necessary for collection.

**¶5** The court eventually entered a QDRO that ordered 66 months of $1,000 payments from Husband's ASRS account. Husband appeals from the court's order denying his motion for relief from the QDRO.

## JURISDICTION

**¶6** Wife contends that we lack jurisdiction over this appeal because (1) it raises the same questions as an earlier appeal from the judgment that we dismissed as premature, and (2) the ruling on the motion from which this appeal is taken was in fact a ruling on a motion for reconsideration. We conclude that we have jurisdiction.

**¶7** To be sure, this appeal raises some of the same issues that were previously raised in the appeal from the judgment. And it is generally true that an appeal from a post-judgment order must raise different issues. *In re Marriage of Dorman*, 198 Ariz. 298, 300, ¶ 3, 9 P.3d 329, 331 (App. 2000). But the right to appeal from an order granting or denying a motion to set aside a judgment under ARFLP 85(C) is unqualified. *See M & M Auto Storage Pool, Inc. v. Chem. Waste Mgmt., Inc.*, 164 Ariz. 139, 141, 791 P.2d 665, 667 (App. 1990) (stating without qualification that an order granting or denying a motion to set aside a judgment under Ariz. R. Civ. P. 60(c) is appealable as a special order made after final judgment); Cmt., ARFLP 1 (providing that where the language of the family rules is substantially the same as the language of other statewide rules, case law interpreting that language is applicable). Husband's motion for relief from the QDRO argued that the judgment was void and should be set aside under ARFLP 85(C)(1)(d). The denial of this motion was appealable. We have jurisdiction under A.R.S. § 12-2101(A)(2), and we are not precluded from considering issues previously argued in Husband's dismissed appeal because we did not decide that appeal on its merits. *See Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 223, ¶ 9, 62 P.3d 966, 968 (App. 2003) (holding that collateral estoppel requires, among other things, a final decision on the merits).

## DISCUSSION

**¶8** Husband contends that the award in Wife's favor was a money judgment and that the QDRO was unlawfully used as a judgment-execution device to reach exempt property. He further contends that the QDRO improperly set forth payment terms that bore no relation to the community's interest in the retirement account. We hold that the judgment and the use of a QDRO were proper, but conclude that the QDRO's payment terms impermissibly reach property beyond the superior court's jurisdiction.

I. THE COURT PROPERLY AWARDED WIFE ONE-HALF OF THE VALUE OF THE NIGERIA PROPERTY.

¶9 The decree of dissolution incorporated the parties' agreement to forgo equitable division of the Nigeria Property and instead transfer the property to their children. After the decree was entered, Husband acted to prevent that transfer.[1] This frustrated the purpose of Wife's release of her rights to the property, and disrupted the decree's equitable division of the parties' community property. In these circumstances, it was within the court's discretion to reopen the decree under ARFLP 85(C)(1)(f). *See Birt v. Birt*, 208 Ariz. 546, 551-52, ¶¶ 22-26, 96 P.3d 544, 549-50 (App. 2004) (holding that superior court erred by refusing to reopen dissolution decree under Ariz. R. Civ. P. 60(c)(6) when Husband's postdecree discharge in bankruptcy made decree's distribution of community debts inequitable).

¶10 The court had jurisdiction to determine that the Nigeria Property was community property. *Noble v. Noble*, 26 Ariz. App. 89, 92, 546 P.2d 358, 361 (1976). Moreover, the court had broad discretion to reapportion other community assets to restore an equitable division in view of Husband's refusal to relinquish the Nigeria Property. *See* A.R.S. § 25-318(A), (C); *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13, 167 P.3d 705, 708 (App. 2007). Such a reapportionment was possible here because even though many years had passed since the parties' divorce, an identifiable source of community property remained in Husband's ASRS account. *Cf. Danielson v. Evans*, 201 Ariz. 401, 410, ¶ 32, 36 P.3d 749, 758 (App. 2001) (holding that reallocation in view of husband's reduction in retirement benefits, of which wife had been awarded a percentage, was infeasible because it would be difficult or impossible to identify, trace, and locate parties' community property eight years after their divorce). The court acted within its discretion under A.R.S. § 25-318 to award Wife an equalization payment from the community interest in the ASRS account, and properly directed that a QDRO be used to effect the payment, *see* 29 U.S.C. § 1056(d)(3)(B). Further, the court had authority to order a money judgment against Husband to the extent that the reallocated community property from the account did not restore an equitable division. *See Martin v. Martin*, 156 Ariz. 452, 458, 752 P.2d 1038, 1044 (1988).

---

[1] We must assume that the record supports the superior court's findings because Husband failed to provide us with a transcript of the evidentiary hearing on Wife's petition for contempt and modification of the decree. *See Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995).

## II. THE PAYMENT TERMS SET FORTH BY THE QDRO EXCEEDED THE COMMUNITY PROPERTY AWARDED TO WIFE.

¶11 Before issuing this decision, we entered an order under ARCAP 9.1 asking the superior court to determine whether the payment terms set forth by the QDRO could be satisfied by the portion of the ASRS account awarded to Wife. After considering the parties' arguments and evidence, the court answered that question in the negative. The court's finding is well-supported. The evidence shows that the marital community contributed to the account for only about five years, resulting in community contributions far less than the total payment contemplated by the QDRO.

¶12 The court had authority to order payment from the ASRS account only to the extent of the community interest in the account -- and the terms of the judgment further limited the payment to one-half of the community interest. *See* A.R.S. § 25-318(A). The court had no authority to *order* payment from the separate-property portion of the account, though it did have authority to enter the judgment. *See id.*; *Profitt v. Profitt*, 105 Ariz. 222, 224, 462 P.2d 391, 393 (1969). Under the QDRO's payment schedule, one-half of the community interest in the account was exhausted after the QDRO went into effect. We therefore vacate the QDRO and remand for further proceedings.

¶13 On remand, the court may determine that reallocation of the entire community interest in the ASRS account is appropriate, and it may also reallocate other identifiable community assets to Wife. *See* A.R.S. § 25-318(A), (C); *Boncoskey*, 216 Ariz. at 451, ¶ 13, 167 P.3d at 708. In addition, Wife may pursue any legally available actions to collect on the portion of the judgment not satisfied by reallocated community property.

## CONCLUSION

¶14 For the reasons set forth above, we affirm the superior court's refusal to set aside its judgment, but we vacate the QDRO and remand for further proceedings consistent with this decision. In exercise of our discretion, we deny both parties' requests for attorney's fees and costs on appeal.

