NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

EDITH GUISLAN, *Petitioner/Appellee,*

*v.*

IRWIN A. HELMUS, *Respondent/Appellant.*

No. 1 CA-CV 14-0233 FC
FILED 10-20-2015

Appeal from the Superior Court in Yuma County
No. S1400DO201200325
The Honorable John Paul Plante, Judge

**AFFIRMED IN PART; VACATED IN PART AND REMANDED**

COUNSEL

Law Office of Terri L. Capozzi, Yuma
By Terri L. Capozzi
*Counsel for Petitioner/Appellee*

Law Offices of Jose De La Luz Martinez, P.L.L.C., Phoenix
By Jose De La Luz Martinez
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

**¶1**         Irwin A. Helmus ("Husband") appeals the family court's entry of judgment in favor of Edith Guislan ("Wife") for $100,000 plus $5,000 in attorneys' fees.  For the reasons set forth below, we affirm the judgment, but vacate the award of attorneys' fees and remand for the family court to consider the statutory factors applicable to attorneys' fees under Arizona Revised Statutes ("A.R.S.") section 25-324(A) (Supp. 2015).

### FACTUAL AND PROCEDURAL BACKGROUND

**¶2**         Husband and Wife lived together until February 2012.  In March 2012, Wife petitioned for dissolution of their marriage.  In her petition, Wife sought to recover as her separate property a "safe deposit box with $90,000.00, gold coins, and gold jewelry" she claimed Husband took after she left the marital residence.  Husband denied any knowledge of the safe deposit box or its contents.

**¶3**         At the start of trial, the parties reached agreement on a community property distribution.  *See* Ariz. R. Fam. Law P. 69(A).  They also agreed that, if the safe deposit box existed, the box and its contents were Wife's sole and separate property.  Husband continued to deny, however, that the safe deposit box existed.

**¶4**         During trial, Husband sought to offer testimony from Kelly Ruiz.  Husband claimed Ruiz would testify that Wife paid her to provide false testimony about the existence of the box.  Ruiz did not appear on the original trial date, and the family court granted Husband a continuance to secure her attendance.  Husband could not secure Ruiz's attendance on the continued date, however, and moved for a second continuance.  The family court denied the motion.

**¶5**         At the close of trial, having heard testimony from Husband and Wife, but not Ruiz, the family court found Husband had taken and kept the safe deposit box and its contents.  As part of the dissolution decree, the court entered judgment against Husband for $100,000, representing the

value of the box's contents. *See* Ariz. R. Fam. Law P. 81(A). The court also awarded Wife $5,000 in attorneys' fees. We have jurisdiction over Husband's timely appeal pursuant to A.R.S. § 12-2101(A)(1) (Supp. 2015).

**ANALYSIS**

> I. *The Family Court's Entry of Judgment for the Value of Wife's Sole and Separate Property was Authorized by A.R.S. § 25-318.*

**¶6** Before addressing Husband's challenges to the judgment, we turn to a statutory interpretation issue the parties do not address. Division of property in a dissolution proceeding is governed by A.R.S. § 25–318 (Supp. 2015), which limits the court's authority over sole and separate property to assigning to each spouse his or her separate property and impressing a lien where appropriate. *Weaver v. Weaver*, 131 Ariz. 586, 587, 643 P.2d 499, 500 (1982). As previously noted, the parties stipulated that, if it existed, the safe deposit box and its contents were Wife's sole and separate property. We therefore must determine whether the family court exceeded its statutory authority by granting Wife a money judgment for the value of her sole and separate property. *See Thomas v. Thomas*, 220 Ariz. 290, 292, ¶ 8, 205 P.3d 1137, 1139 (App. 2009) ("In a dissolution proceeding, the superior court is vested only with jurisdiction provided by law." (citations omitted)).

**¶7** Our supreme court has previously addressed this issue. In *Proffit v. Proffit*, a wife took possession of savings bonds that belonged to her husband, then redeemed them. 105 Ariz. 222, 223, 462 P.2d 391, 392 (1969). As part of its dissolution decree, the trial court entered judgment against the wife in the amount she received for the bonds. *Id*. Our supreme court affirmed this part of the decree, holding that § 25-318 authorized the court to grant a money judgment representing the value of the husband's bonds. *Id*. at 224, 462 P.2d at 393. Later, in *Weaver*, our supreme court held that a trial court cannot grant a money judgment when one spouse damages the other's sole and separate property. 131 Ariz. at 587, 643 P.2d at 500. The *Weaver* court expressly distinguished *Proffit*, stating that *Proffit* "was premised upon the defendant's actual possession of the other spouse's separate property which happened to be in the form of money." *Id*.

**¶8** The present case is analogous to *Proffit*, not *Weaver*, because it hinges on actual possession of separate property. The family court found Husband "took" and "kept" Wife's sole and separate property, which was largely in the form of cash. Moreover, Wife did not allege Husband *damaged* the box or its contents. Therefore, the family court was authorized to grant

a money judgment for the value of Wife's missing sole and separate property. *See Proffit*, 105 Ariz. at 225, 462 P.2d at 394 ("The divorce decree directing defendant to pay a sum of money to plaintiff . . . should be treated like any other judgment . . . ."); *see also In re Marriage of Thorn*, 235 Ariz. 216, 221, ¶ 21, 330 P.3d 973, 978 (App. 2014) (holding that the family court can order a spouse to return sole and separate property, even if the property has declined in value or changed form).

## II.     *Substantial Evidence Supports the Family Court's Judgment.*

**¶9**         Turning to Husband's challenges to the judgment, we defer to the family court's factual findings and will overturn those findings only if they are clearly erroneous. *Danielson v. Evans*, 201 Ariz. 401, 406, ¶ 13, 36 P.3d 749, 754 (App. 2001).

**¶10**        Husband argues that "at no time did Wife present any witnesses who presented testimony that this alleged safety deposit box . . . actually existed." This is incorrect. Wife testified as to the box's existence and the value of its contents, and was entitled to do so. *See King v. O'Rielly Motor Co.*, 16 Ariz. App. 518, 522, 494 P.2d 718, 722 (1972) ("It is well-established that an owner may generally estimate the value of his real or personal property and this is true whether he qualifies as an expert or not." (citations omitted)). There was also circumstantial evidence admitted concerning the existence of the box, in the form of Wife's contemporaneous statements to the police, documenting its disappearance from the marital home. The family court was in the best position to evaluate the credibility of this evidence.

**¶11**        Husband also argues Wife contradicted herself in explaining how she obtained the cash she claimed was in the box. Even assuming Husband is correct, we defer to the family court's credibility determinations where the evidence conflicts. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13, 972 P.2d 676, 680 (App. 1998).

**¶12**        Husband next claims Wife may have removed the box from the house during a return visit. Husband's counsel explored this issue in cross-examination, but the family court found Wife's testimony credible. We generally will not overturn that court's credibility determinations. *See Reynolds v. United Producers & Consumers Coop.*, 17 Ariz. App. 145, 147, 495 P.2d 1352, 1354 (1972).

**¶13**        Finally, Husband argues Wife's withdrawals of significant amounts of cash from the bank in March 2012 undermine her claim that she had a significant amount of cash in the safe deposit box. The family court

was in the best position to evaluate the testimony regarding these withdrawals. We see no clear error in the court's determination. *See id.*

> III. *The Family Court Did Not Abuse Its Discretion in Denying Husband's Motion for a Second Continuance.*

¶14 Husband also argues the family court erred in denying him a second continuance to secure Ruiz's testimony. Once a matter is set for trial, no continuances may be granted "except upon written motion setting forth sufficient grounds and good cause, or as otherwise ordered by the court." Ariz. R. Fam. Law P. 77(C)(1). We will not disturb the family court's decision on a motion to continue trial absent an abuse of discretion. *Dykeman v. Ashton*, 8 Ariz. App. 327, 330, 446 P.2d 26, 29 (1968). Because Husband sought a continuance due to an unavailable witness, he was obligated to show Ruiz's testimony would be material and that he exercised due diligence to procure her attendance. *See id.*

¶15 The family court granted Husband the first requested continuance based, at least in part, on Husband's representation that he could secure Ruiz's attendance, but she did not appear on the continued trial date. The family court considered both the materiality of Ruiz's purported testimony and Husband's due diligence before the court denied Husband's request for a second continuance. On this record, we cannot say the family court abused its discretion.

> IV. *The Family Court's Award of Attorneys' Fees to Wife Must be Vacated and the Matter Remanded.*

¶16 Subsection (A) of A.R.S. § 25-324 authorizes the family court to award a reasonable amount of attorneys' fees "for the costs and expenses of maintaining or defending any proceeding under this chapter," but only "after considering the financial resources of both parties and the reasonableness of the [parties'] positions." We review for an abuse of discretion an award of attorneys' fees under § 25–324. *Rinegar v. Rinegar*, 231 Ariz. 85, 90, ¶ 22, 290 P.3d 1208, 1213 (App. 2012).

¶17 Here, the family court awarded Wife $5,000 in attorneys' fees because Wife prevailed and because of the length of the trial:

> THE COURT: . . . It is ordered assessing attorney's fees in the
> amount of $5000 against [Husband]. You were both here for
> a long enough period of time that, unless [Husband's counsel]

insists, I'm not going to insist on a China Doll affidavit.[1]  I mean, it couldn't have been less than that, given between the two lawyers and, you know, that would seem to be a minimum amount that it could be.

Do you wish to have a China Doll affidavit?  I just can't see that it could be less.

[HUSBAND'S COUNSEL]:  5000 is –

THE COURT:  A pretty small amount.

[HUSBAND'S COUNSEL]:  -- is reasonable.

Although the family court did not have to make express findings of fact in support of its fee award, *see MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 39, 250 P.3d 1213, 1221 (App. 2011), the court cannot award fees without considering the statutory factors.  *See Mangan v. Mangan*, 227 Ariz. 346, 352-53, ¶ 27, 258 P.3d 164, 170-71 (App. 2011).  Moreover, "§ 25-324 does not establish a prevailing party standard for awarding fees."  *Breitbart-Napp v. Napp*, 216 Ariz. 74, 84, ¶ 39, 163 P.3d 1024, 1034 (App. 2007) (citation omitted).  Because the record does not indicate the family court considered the statutory factors, the attorneys' fees award to Wife was an abuse of discretion.  Accordingly, we vacate the award of attorneys' fees to Wife and remand for the family court to consider attorneys' fees in light of the statutory factors enumerated in A.R.S. § 25-324(A).

*V.      Wife's Request for Attorneys' Fees on Appeal is Denied.*

¶18      Wife requests attorneys' fees on appeal pursuant to § 25-324(A).  The record does not reflect any significant current financial disparity as between the parties, and Husband's arguments on appeal were not unreasonable.  We therefore decline to award fees.  *See Leathers v. Leathers*, 216 Ariz. 374, 379, ¶ 22, 166 P.3d 929, 934 (App. 2007) (recognizing this court must examine the parties' financial resources and the reasonableness of their positions before awarding fees under § 25-324); *Magee v. Magee*, 206 Ariz. 589, 593, ¶ 18, 81 P.3d 1048, 1052 (App. 2004) ("[R]elative financial disparity between the parties is the benchmark for eligibility.").  We grant Wife her taxable costs on appeal, however, upon her compliance with Rule 21, ARCAP.

---

1      *See Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 189, 673 P.2d 927, 933 (App. 1983).

**CONCLUSION**

**¶19** We affirm the judgment of the family court, except for the award of attorneys' fees to Wife, which we vacate. We remand for the family court to consider the statutory factors relevant to the consideration of attorneys' fees under A.R.S. § 25-324(A).



Ruth A. Willingham · Clerk of the Court
FILED: ama