NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

MICHAEL SEAN GOODHOPE,
*Petitioner/Appellee*,

v.

AMANDA VICTORIA GOODHOPE,
*Respondent/Appellant*.

No. 1 CA-CV 15-0679 FC

FILED 9-15-2022

Appeal from the Superior Court in Maricopa County
No.  FC2013-053029
FC2013-054595
(Consolidated)
The Honorable Joseph C. Kreamer, Judge

**AFFIRMED**

APPEARANCES

Amanda Goodhope, Scottsdale
*Respondent/Appellant*

Tiffany & Bosco PA, Phoenix
By Kelly Mendoza
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

---

**M O R S E**, Judge:

¶1        Amanda Goodhope ("Wife") appeals from the family court's dissolution decree ("Decree").  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Wife and Michael Goodhope ("Husband") married in 2001, had a child together in 2004, and petitioned for divorce in 2013.  The family court entered temporary orders requiring Husband to pay Wife spousal maintenance in the amount of $750 per month but no child support.

¶3        The court held a trial and entered the Decree in August 2015.  In part of the Decree, the court ordered Husband to pay Wife $442.55 per month in child support "on a going-forward basis."  The court also divided the parties' debts, ordered Wife to reimburse Husband for missing funds, and denied Wife's request for attorney fees.  After various post-judgment motions, the court amended the child-support obligation to $499.85 per month.

¶4        Wife filed her notice of appeal on September 18, 2015.  On September 21, Husband filed a Chapter 13 bankruptcy petition.  This Court stayed the appeal pursuant to 11 U.S.C. § 362.  Husband received a bankruptcy discharge in May 2021, and we lifted the stay in August 2021.  We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶5        Wife raises the following issues on appeal: (1) attorney fees, (2) child support, (3) fantasy football funds, and (4) equalization of debts.

## I.    Procedural Issues.

¶6        As an initial matter, Husband asserts that Wife's opening brief is procedurally deficient and asks us to consider her arguments waived.  However, we prefer to decide cases upon their merits. *Drees v. Drees*, 16

Ariz. App. 22, 23 (1971). We address Wife's arguments but she has waived any arguments not supported by adequate explanation, citations to the record, or authority. *See In re Aubuchon*, 233 Ariz. 62, 64-65, ¶ 6 (2013). Because Wife failed to provide the trial transcripts, we assume the testimony supports the family court's findings. *See State ex rel. Brnovich v. Miller*, 245 Ariz. 323, 325, ¶ 9 (App. 2018); ARCAP 11(c).

## II.      Attorney Fees.

**¶7**          Wife asserts the superior court abused its discretion by denying her an award of attorney fees under A.R.S. § 25-324. The family court found no substantial financial disparity and that neither party acted unreasonably. Wife asserts this was error, claiming Husband makes three to seven times more than Wife. Wife also asserts Husband was unreasonable.

**¶8**          We review the denial of an award of attorney fees for an abuse of discretion. *Mangan v. Mangan*, 227 Ariz. 346, 352, ¶ 26 (App. 2011). "To award attorneys' fees under § 25-324, a court must consider the financial positions of the parties, *and* the reasonableness of the positions each party has taken throughout the proceedings." *Id.* at 353, ¶ 27 (citations and internal quotation marks omitted).

**¶9**          In support of her argument, Wife relies on *Burnette v. Bender*, where this Court found the trial court abused its discretion by finding no financial disparity. 184 Ariz. 301, 306 (App. 1995), *superseded by statute as recognized in Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 8 (App. 2014) (noting statute amended in 1996 to add reasonableness factor). In *Burnette*, the Court noted the father "had about three times the income of [m]other" and "[m]other's capital gain was $10,000; [f]ather's was $150,000." *Id.* We concluded the father had "far more financial resources" and the mother seemed "obviously in need of reasonable relief" under A.R.S.§ 25-324. *Id.*

**¶10**          Here, Husband's income is higher than Wife's. For purposes of child support, the court found Husband earned $5,000 per month and attributed to Wife $700 per month plus an additional $1,000 per month for living rent free. But the court also found that the parties "have a significant amount of community debt." That debt included Wife's $110,000 in student loans, Husband's $35,000 in student loans, a $175,000 loan from non-party N.C., and $90,000 in credit card debt.

**¶11**          The facts of this case are not analogous to *Burnette*. A spouse's "ability to pay [their attorney] can be included as one of several relevant factors on which the trial court's exercise of its discretion [under A.R.S. § 25-

324] must be based." *Magee v. Magee*, 206 Ariz. 589, 592, ¶ 17 (App. 2004). Based on the amount of community debt present in this case, the court was well within its discretion to find no substantial financial disparity, notwithstanding Husband's greater income.

**¶12** The court's determination of whether the parties acted reasonably is reviewed for an abuse of discretion as the "trial court observed the conduct of the parties in the action." *Graville v. Dodge*, 195 Ariz. 119, 131, ¶ 56 (App. 1999). After reviewing Wife's reasonableness allegations, we find no abuse of discretion and affirm the denial of Wife's request for attorney fees.

## III. Child Support.

**¶13** Wife raises three challenges to the family court's child-support order. We review the order for an abuse of discretion, accepting the court's factual findings unless clearly erroneous, but reviewing legal issues de novo. *Candia v. Soza*, 251 Ariz. 321, 324, ¶ 7 (App. 2021).

**¶14** First, Wife claims the family court "should have considered that [Husband] receive[d] free medical and dental insurance from his employer for the years of 2013 and 2014." But Wife cites no evidence that Husband had the ability to receive additional salary in lieu of his employer's health insurance. *See Hetherington v. Hetherington*, 220 Ariz. 16, 22, ¶ 24 (App. 2008) (noting that where the "'parent would be paid the same wages regardless of whether the parent decided to accept or to decline employer-paid health-insurance coverage. . . .' the benefit should not be included as income" (citation omitted)). The court did not err.

**¶15** Second, Wife challenges the calculation of Husband's income. "Gross Income" for purposes of child support, generally does not include income from overtime or a second job. A.R.S. § 25-320 app. ("Guidelines") § 5(A) (2011). But the court has discretion to consider income "historically earned from a regular schedule [that] is anticipated to continue into the future." *Id.*; *see also McNutt v. McNutt*, 203 Ariz. 28, 32, ¶ 17 (App. 2002) (noting this provision gives parents the choice to work more hours "without exposing that parent to the 'treadmill' effect of an ever-increasing child support obligation"). Husband worked as an elementary school teacher with supplemental summer jobs teaching at colleges. Evidence admitted at trial showed Husband's income was $56,928 in 2013, $77,930 in 2014, and projected earnings were at least $49,507 in 2015. The court found Husband earned $60,000 per year. Although the court considered Husband's testimony about his second jobs in the summer, we lack the transcript of

that testimony and presume the testimony supports the family court's decision. *See Miller*, 245 Ariz. at 325, ¶ 9. We find no abuse of discretion in the calculation of Husband's income.

**¶16** Third, Wife asserts the court erred by failing to order retroactive child support. *See Gelin v. Murray*, 251 Ariz. 544, 547, ¶ 14 (App. 2021) (noting courts are generally required to "enter an order for support due from the petition filing date to the date current support is ordered to begin" (citing A.R.S. § 25-809(A)-(B))). The family court attributed a portion of Husband's temporary spousal maintenance payments as child support "such that the Court will only award child support on a going-forward basis." Neither party asked for spousal maintenance moving forward and the court awarded none. Wife asserts that her temporary spousal maintenance "vested" such that the attribution was error. *Cf. Ibach v. Ibach*, 123 Ariz. 507, 509 & n.1 (1979) ("In Arizona, installments of spousal maintenance and child support become vested when they become due." (citation omitted)). But the family court has the authority to modify temporary support orders retroactively. *Maximov v. Maximov*, 220 Ariz. 299, 301, ¶ 7 (App. 2009); *see also Rainwater v. Rainwater*, 177 Ariz. 500, 502 (App. 1993) ("Arizona law extends the trial court substantial discretion to set the amount and duration of spousal maintenance."). The court did not abuse its discretion exercising that authority here.

## IV.    Fantasy Football Funds.

**¶17** Wife asserts the family court erred by ordering her to reimburse Husband for funds he held for his fantasy football league that disappeared after Husband moved out of the family home. Husband borrowed $17,700 to replace the missing funds and the family court ordered Wife to reimburse the amount. We review the division of property and debts for an abuse of discretion. *Hefner v. Hefner*, 248 Ariz. 54, 57, ¶ 6 (App. 2019).

**¶18** Wife first claims that the court lacked jurisdiction over the funds because they were Husband's separate property. Although there is a legal presumption that funds acquired by the parties during marriage are community property, *Porter v. Porter*, 67 Ariz. 273, 279 (1948), we will assume *arguendo* the fantasy football funds are Husband's separate property.

**¶19** Under A.R.S. § 25-318, the superior court has limited authority over the parties' sole and separate property in proceedings for dissolution of marriage and may only assign it to each spouse or impress a

5

lien upon it.  A.R.S. § 25-318(A), (E) (2008); *Weaver v. Weaver*, 131 Ariz. 586, 587 (1982); *cf. In re Marriage of Thorn*, 235 Ariz. 216, 220, ¶ 17 (App. 2014) (noting *Weaver*'s use of "the term 'jurisdiction' in a broader, now antiquated, sense actually referring to courts' authority under the specific controlling statute rather than subject-matter jurisdiction").

**¶20**      Wife correctly observes that our supreme court concluded in *Weaver* that the trial courts lack authority "to grant a money judgment against one spouse for damage to the separate property of the other spouse in a dissolution proceeding."  131 Ariz. at 587.  But her reliance on *Weaver* is misplaced because the family court did not grant a money judgment against Wife for *damage* to Husband's separate property.  Rather, the court ordered that Wife "shall pay [Husband] $17,700 as reimbursement."

**¶21**      This case is similar to *Proffit v. Proffit*, where wife possessed husband's sole and separate property—United States savings bonds—and redeemed them for $6,300.  105 Ariz. 222, 223 (1969).  The trial court "directed [wife] to deliver said sum to [husband]."  *Id.*  Our supreme court affirmed, concluding "the court's order did not concern Title, but Possession. . . . [and t]he divorce court, as a court of equity, certainly has the inherent power to direct one party to relinquish possession of separate property belonging to the other."  *Id.* at 224.

**¶22**      Assuming, as Wife asserts, that the fantasy football funds are Husband's separate property, the court lawfully directed Wife to return the funds to Husband.

**¶23**      Wife also claims on appeal that the funds are "illegal" because fantasy football is unlawful gambling.  Wife fails to point to any evidence that the fantasy football league was anything more than permitted "social gambling."  *See* A.R.S. § 13-3301(9) (defining social gambling); A.R.S. § 13-3302(A)(2) ("social gambling" not unlawful).  Finally, we decline Wife's requests that we reweigh the evidence.  *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009) (noting we will not reweigh conflicting evidence); *Miller*, 245 Ariz. at 325, ¶ 9.

## V.    Equalization Issues.

**¶24**      Wife raises several challenges to the court's equalization of the parties' debts, including student and car loans.  "The family court has broad discretion in determining what allocation of property and debt is equitable under the circumstances."  *In re Marriage of Inboden*, 223 Ariz. 542, 544, ¶ 7 (App. 2010).

¶25 First, Wife claims the court "erred in not setting payments for the student loans and the loan [Husband] received from [N.C.]." The court ordered that the loans be equally divided. Wife provides no argument that the court abused its discretion to divide community debts. *See Aubuchon*, 233 Ariz. at 64-65, ¶ 6.

¶26 Second, Wife disputes the equalization payments for the community cars. But Wife's resolution statement states: "The parties agree to use the May 1, 2014 Kelley Blue Book for equalization purposes." The court's equalization order is consistent with the agreement and the evidence admitted at trial.

¶27 Third, Wife requested an order that Husband "indemnify her as part of any bankruptcy filing." The court denied Wife's request. Instead, the court ordered each party to indemnify and hold harmless the other from the debts designated their responsibility in the Decree. Wife argues that Husband's "portion of the parties' 'significant community debt' assigned in the Decree [] is dischargeable." Husband disagrees. But this issue is not before us; Husband's bankruptcy occurred after the decree and the notice of appeal. *Cf. Birt v. Birt*, 208 Ariz. 546, 553, ¶ 27 (App. 2004) (holding modification of a decree may be appropriate "where a party files a bankruptcy petition to discharge debts allocated to that party under a divorce decree"). Although Husband informed the family court of his intention to file for bankruptcy, our record is silent on what occurred during the five years leading up to his Chapter 13 bankruptcy discharge. *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4 (App. 1990) ("An appellate court's review is limited to the record before the trial court."). We find no abuse of discretion.

## VI. Attorney Fees.

¶28 Husband requests an award of attorney fees under A.R.S. § 25-324 and ARCAP 25. We lack any current information regarding the parties' current financial resources. *See Leathers v. Leathers*, 216 Ariz. 374, 379, ¶ 22 (App. 2007) ("Section 25-324 requires us to examine both the financial resources and the reasonableness of the positions of each party."). In the exercise of our discretion, we decline to award attorney fees to Husband. We also deny sanctions under ARCAP 25 but award Husband his costs upon compliance with ARCAP 21.

**CONCLUSION**

¶29        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:      AA