412 P.2d 476

William PERKINS, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, R. C. Stanford, Jr., Judge, and All Judges of Said Superior Court, Maricopa County, Arizona, Respondents.

No. 8723.

Supreme Court of Arizona.

En Banc.

March 23, 1966.

Skousen, McLaws & Skousen, Mesa, for petitioner.

Rhodes, Killian & Legg, Mesa, for Evelyn Perkins, real party in interest.

BERNSTEIN, Vice Chief Justice.

Petitioner, William Perkins, has filed in this court his petition for a Writ of Prohibition against the Superior Court of Maricopa County prohibiting the court from enforcing the following order:

"The court finds that the defendant (William Perkins) is guilty of contempt in not paying the community debts. The defendant may purge himself of said contempt by paying the community debts without further delay.

"Defendant's failure to follow the court's orders will mean jail in Maricopa County."

On March 2, 1966 we granted an Alternative Writ of Prohibition, it appearing that the Superior Court was without jurisdiction. See Van Ness v. Superior Court, 69 Ariz. 362, 213 P.2d 899.

William Perkins was divorced from Evelyn Perkins on August 20, 1965. The decree ordered petitioner to pay alimony and child support in the sum total of $125 per month, and further provided:

"That the plaintiff is awarded as her sole and separate property all of the

community property of parties hereto and defendant is ordered and required to pay any and all existing community obligations, the support heretofore ordered being conditioned upon his paying the community obligations now existing."

After the divorce petitioner kept current his payment of alimony and support but was subsequently declared bankrupt and was discharged from and therefore did not pay the community obligations to third persons as provided for in the divorce decree.

■ At issue here is whether the payment of the then existing community obligations was the payment by petitioner of a debt, for neither party challenges the principle that imprisonment for a debt is contrary to the Arizona Constitution, Article 2, section 18, A.R.S., while imprisonment for failure to make support payments to a former wife as ordered in a divorce decree is proper, Stone v. Stidham, 96 Ariz. 235, 393 P.2d 923.

The court in ordering petitioner to pay the obligations or face incarceration for contempt of court, no doubt reasoned that since the decree specifically conditioned the amount of support on the fact that petitioner would pay off the community obligations, the payment of the obligations was considered in lieu of a higher alimony figure.

A similar issue was presented in Collins v. Superior Court, 48 Ariz. 381, 62 P.2d 131. There we interpreted Section 2187, Revised Code of 1928,

"Permanent Alimony; custody of children; costs; changing name.

In the final decree of divorce the court may, in addition to the division of the common property of the parties, or in lieu thereof, direct the husband to pay *to the wife* such amounts as may be necessary for the support and maintenance of the wife, and the minor children of the parties whose custody may be awarded to the wife, as may be necessary or proper, and may decree that said amount may be paid in one sum or in instalments." (Emphasis supplied.)

the forerunner of A.R.S. § 25–319,

"§ 25–319. Alimony and support; custody of children; costs; change of name of wife

A. In the final judgment of divorce the court may, in addition to division of the common property of the parties or in lieu thereof, direct the husband to pay *to the wife* such amounts as are necessary for support and maintenance of the wife and minor children of the parties whose custody is awarded to the wife, as may be necessary or proper. The court may adjudge that the amount

be paid in one sum or in installments. In the judgment, or in a judgment of annulment, the court may make such disposition of and provisions for the minor children as is most expedient under all circumstances for their present comfort and future well-being." (Emphasis supplied.)

and held that "to the wife" meant just what it said:

"* * * but certainly in view of all authorities, an order to pay money to third parties, * * * is void for want of jurisdiction of the court to make it."

Further, in Stone v. Stidham, supra, we held as follows after an analysis of the cases:

"Arizona is already aligned with the jurisdictions which give alimony its narrow legal definition in determining its meaning where the question involved is the extent of the exception for alimony from the general constitutional prohibition against imprisonment for debt."

▮ It is ordered that the Alternative Writ of Prohibition shall be made permanent.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and McFARLAND, JJ., concur.