474 P.2d 71

Jack M. FRESE, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, the Honorable Irwin Cantor, Judge, and Maxine F. Frese, Real Party in Interest, Respondents.

No. 1 CA–CIV 1437.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 10, 1970.

Shimmel, Hill & Bishop, by James B. Rolle, III, Phoenix, for petitioner.

Evans, Kitchel & Jenckes, by Roger H. Broach, Phoenix, for respondents.

JACOBSON, Judge.

This special action requires us to determine whether the Superior Court of Maricopa County when exercising its contempt power violated the Arizona Constitutional provision prohibiting imprisonment for debt.

On February 26, 1969, petitioner Jack M. Frese was granted a decree of divorce from real party in interest, Maxine F. Frese, in the Superior Court of Maricopa County. This decree of divorce, insofar as pertinent here, provided:

"3. That defendant [Maxine F. Frese] be and she is hereby awarded the Buick automobile of the parties * * *.

"4. Plaintiff [Jack M. Frese] is further ordered to pay all community debts of the parties * * *".

The Buick automobile awarded to Mrs. Frese was subject to a security interest held by the Valley National Bank of Arizona. Mrs. Frese at the time of the divorce was in physical possession of the Buick automobile and remained in possession for some time thereafter, removing the vehicle from the State of Arizona. Following the divorce, petitioner failed to pay the community debt due to the Valley National Bank, which resulted in the repossession of the Buick automobile which was awarded to Mrs. Frese.

Mrs. Frese, after repossession of the automobile, filed a petition in the Superior Court of Maricopa County alleging that "plaintiff has caused said automobile to be repossessed by his creditor in direct violation of the decree of the court awarding said automobile to [Mrs. Frese]."

Mr. Frese moved to quash the order to show cause on the grounds the court lacked

jurisdiction to hold him in contempt because of Article II, Section 18 of the Arizona Constitution, A.R.S., which provides:

"There shall be no imprisonment for debt, except in cases of fraud."

The motion to quash was denied and a hearing was held on the order to show cause at which time Mr. Frese admitted he had not made the payments to the Valley National Bank and that as a result, the Buick automobile was repossessed.

Following the hearing, the trial court found the petitioner "in contempt for not giving full possession of the automobile in question to the defendant." The trial court further ordered that Mr. Frese could purge himself of contempt by causing redelivery of the automobile to Mrs. Frese by a certain date and that in the event he failed to do so "the court [would] then proceed to impose sanctions."

Petitioner has sought relief from the contempt order by way of a special action to this court.

■ While we are not told what sanctions the trial court would impose, in our opinion, if the constitutional prohibition against imprisonment for debt is applicable in this case, the trial court cannot punish by contempt. See Collins v. Superior Court, 48 Ariz. 381, 62 P.2d 131 (1936); State v. Robbins, 37 Wash.2d 431, 224 P.2d 345 (1950); Goggans v. Osborn, 16 Alaska 451, 237 F.2d 186 (9th Cir. 1956); Thomas v. Thomas, 337 Mich. 510, 60 N.W.2d 331 (1953); Anno. 154 A.L.R. 443 at 468.

Mrs. Frese, through her counsel, candidly admits that the trial court lacked authority to hold Mr. Frese in contempt for failure to pay the community debts of the parties because of the constitutional prohibition and its interpretation in Stone v. Stidham, 96 Ariz. 235, 393 P.2d 923 (1964) and Perkins v. Superior Court, 100 Ariz. 186, 412 P.2d 476 (1966). She argues, however, that the trial court did not hold petitioner in contempt for failure to pay community debts under paragraph 4 of the divorce decree but rather for his failure to keep Mrs. Frese in full possession of the vehicle under Paragraph 3 of the decree awarding the automobile to her.

■ It is clear in this case that Mrs. Frese obtained possession of the vehicle and presumably the title to the vehicle "awarded" to her by the divorce decree. Her subsequent loss of the vehicle did not result from Mr. Frese's failure to perform any act under paragraph 3 of the divorce decree, but was solely and directly related to his failure to pay community debts under paragraph 4 of the decree. The trial court's own order recognizes this by allowing petitioner to purge himself of contempt by redelivery of the vehicle to Mrs. Frese. Obviously, the only way to comply with the purge order is to pay the debt due Valley National Bank.

We hold that the loss of Mrs. Frese's automobile was the failure of Mr. Frese to pay a civil money debt owed to a third person, and such failure may not be enforced by a contempt order. Collins v. Superior Court, *supra*; Stone v. Stidham, *supra*; Perkins v. Superior Court, *supra*.

The issuance of the mandate in relation to this opinion shall constitute an order vacating the trial court's order of contempt made and entered on June 22, 1970.

STEVENS, Acting P. J., and CAMERON, J., concur.