525 P.2d 301

**Glen T. MASTA, Petitioner,**

v.

**The Honorable David M. LURIE ex rel. SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and Muriel MASTA, real party in interest, Respondent.**

No. 1 CA–CIV 2805.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 20, 1974.

Machmer, Schlosser & Meitz, by Gerald A. Machmer, Phoenix, for petitioner.

Hadley & Lea, by David Hadley, Jr., Phoenix, for respondent real party in interest.

OPINION

OGG, Judge.

This special action was filed to prohibit the Honorable David M. Lurie, Judge of the Maricopa County Superior Court, from proceeding to incarcerate the Petitioner Glen T. Masta (husband) for a contempt of court created by his failure to comply with certain court orders in a decree of dissolution.

On February 19, 1974 a decree of dissolution was entered terminating the marriage of the husband and Muriel L. Masta, the real party in interest (wife). The pertinent portion of the property settlement agreement entered into by the parties and incorporated into the decree reads:

"Husband agrees to pay any and all community indebtedness owed by the parties as of December 13, 1973, and to hold Wife harmless therefrom. . ."

The husband failed to pay certain community debts and the wife filed an order to show cause requesting the court to find the husband in contempt for his failure to comply with the terms of the decree of dissolution. A hearing was held and Judge Lurie found the husband in contempt. The husband is now petitioning this Court, seeking an order prohibiting his incarceration, alleging that such incarceration will be an abuse of discretion in violation of Article 2, Section 18 of the Constitution of the State of Arizona, A.R.S., which reads:

"There shall be no imprisonment for debt, except in cases of fraud."

There has been no allegation of fraud raised in this case.

The wife maintains that under the provisions of our new marital and domestic relations law the terms of a property settlement agreement incorporated by reference into a decree of dissolution are enforceable by contempt. The pertinent portions of ARS § 25–317(D) and (E), revised effective August 8, 1973, state:

"D. If the Court finds that the separation agreement is not unfair as to disposition of property or maintenance, and that it is reasonable as to support, custody and visitation of children, the separation agreement shall be set forth or incorporated by reference in the decree of dissolution or legal separation and the party shall be ordered to perform them.
. .
E. Terms of the agreement set forth or incorporated by reference in the decree are enforceable by all remedies available for enforcement of a judgment, including contempt."

Prior to the enactment of the new domestic relations law, our appellate courts have consistently held that in a fact situation such as we have before us, a trial court cannot use contempt to enforce a property settlement agreement that has been incorporated into a divorce decree. Perkins v. Superior Court, 100 Ariz. 186, 412 P.2d 476 (1966); Stone v. Stidham, 96 Ariz. 235, 393 P.2d 923 (1964). Our courts have further held that alimony and support orders, Stone v. Stidham, supra, and orders for the payment of attorney fees, Johnson v. Johnson, 22 Ariz.App. 69, 523 P.2d 515 (1974), may be enforced by contempt but contempt was not proper to enforce the payment of monetary sums ordered in the settlement of property rights. See Proffit v. Proffit, 105 Ariz. 222, 462 P.2d 391 (1966).

With the exception of support orders and attorney fees noted above, the courts have reasoned that imprisonment for contempt in such cases violates Article 2, Section 18 of the Arizona Constitution, which prohibits imprisonment for debt.

In Stone v. Stidham, supra, the court, in upholding the constitutional safeguard against imprisonment for debt, stated:

"As in all cases of constitutional provisions designed to safeguard the liberty of the person, every reasonable doubt should be resolved in favor of such liberty." 96 Ariz. at 238, 393 P.2d at 925

In our opinion the Legislature intended to allow a property settlement agreement incorporated into a decree of dissolution to be enforced by all former available remedies, including contempt as it has been used and interpreted in this State. We do not believe our Legislature intended to invalidate the provisions of Article 2, Section 18 of the Arizona Constitution and all of the prior Arizona case law.

The trial court is hereby prohibited from incarcerating the husband for the contempt found at the hearing of the June 14, 1974 order to show cause.

DONOFRIO, P. J., and STEVENS, J., concur.