NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SUZETTE MARIE BOTTO, *Petitioner/Appellant,*

*v.*

ROBERT JOSEPH BOTTO, JR., *Respondent/Appellee.*

No. 1 CA-CV 16-0770 FC
FILED 4-5-2018

Appeal from the Superior Court in Maricopa County
No. DR1999-012392
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Dickinson Wright PLLC, Phoenix
By Robert L. Schwartz, Marlene A. Pontrelli, Bradley A. Burns
*Counsel for Petitioner/Appellant*

Padish & Wells PLLC, Scottsdale
By James E. Padish
*Counsel for Respondent/Appellee*

## MEMORANDUM DECISION

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge John C. Gemmill[1] joined.

**T H O M P S O N**, Judge:

¶1 Suzette Marie Botto (mother) appeals from an order dismissing her post-decree petition to enforce an obligation under the parties' stipulated property settlement agreement (PSA) and from the award of attorneys' fees to Robert Joseph Botto (father). For the reasons stated below, we affirm the dismissal order but vacate the award of attorneys' fees.

## FACTUAL AND PROCEDURAL HISTORY

¶2 The parties divorced in 2002 pursuant to a consent decree. The parties contemporaneously entered into a PSA through which father agreed to pay their child's college tuition, room, board, expenses, and provide a reasonable monthly allowance. The PSA was incorporated but not merged into the decree. After the child was accepted to college and father failed to confirm or otherwise assure mother that he would abide by this agreement, mother filed a "petition for order to appear re: enforcement of court order" asking the court to enforce the PSA and compel father to pay the child's college expenses and allowance.

¶3 Father moved to dismiss mother's petition, arguing he made all the tuition arrangements required by the PSA and that mother should have brought her claims as a separate contract action according to *Solomon v. Findley*, 167 Ariz. 409, 411-12 (1991). Father requested attorneys' fees "pursuant to A.R.S. § 25-324 and §12-341.0 [sic]."

¶4 The trial court agreed it did not have statutory authority to enforce a contractual agreement to pay college expenses once the child reached the age of majority, citing *Solomon, id.* As ordered by the court,

---

[1] The Honorable John C. Gemmill, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

father's attorney submitted an affidavit in support of his claim for attorneys' fees. Father and his attorney entered into a flat fee agreement for $2,700 to represent father in "a post-decree matter for enforcement of a property agreement term." Mother objected to the fee affidavit, stating it did not provide sufficient detail to allow the court to determine whether the flat fee was reasonable and because the court failed to find a disparity in the parties' financial resources. The court awarded father $2,700 without further comment.

¶5        Mother filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12-2101(A)(1) (2017).

## DISCUSSION

### I.        Enforcing the PSA

¶6        We review de novo an order dismissing a petition for lack of jurisdiction. *Mitchell v. Gamble*, 207 Ariz. 364, 367, ¶ 6 (App. 2004). "Although a trial court may consider and resolve jurisdictional fact questions, when, as here, they are not intertwined with the merits of the case, we review the court's ultimate legal conclusion de novo." *Id.*

¶7        Our Supreme Court has held that "a contract for post-majority [child] support should be enforced in a separate contract action . . . because the divorce court only has jurisdiction to enforce child support provisions until the child reaches majority." *Solomon*, 167 Ariz. at 412. Post-majority support agreements are fully enforceable "as a contract claim." *Id.*

¶8        Here, the PSA was incorporated rather than merged into the decree and, therefore, retained its status as an enforceable contract. *See Chopin v. Chopin*, 224 Ariz. 425, 427, ¶ 6 (App. 2010). Mother filed a petition to enforce the order requiring father to pay college expenses. Although mother did not specifically ask for a contempt finding, she asserted father was in violation of the court order and PSA and asked the trial court to *compel* father to comply with the existing orders. Mother's petition failed to allege a contract claim.

¶9        Mother argues the trial court erred in dismissing her petition because it is a single court of unified jurisdiction with authority to consider her contract claims. *See Marvin Johnson, P.C. v. Myers,* 184 Ariz. 98, 102 (1995); *Peterson v. Speakman,* 49 Ariz. 342, 348 (1937); *State v. Marks,* 186 Ariz. 139, 142 (App. 1996). Mother correctly characterizes the superior court's unified jurisdiction. However, the court properly dismissed mother's petition because it failed to state a contract claim, not because mother filed

her petition in the "wrong court." *See Gary Outdoor Adver. Co. v. Sun Lodge, Inc.,* 133 Ariz. 240, 242 (1982) ("The trial court will be affirmed when it reaches the correct conclusion even if it does so for an incorrect reason."). Mother sought to enforce the decree and PSA via an order to compel. Pursuant to *Solomon,* mother was required to state a contract claim to enforce father's agreement to pay for post-majority college expenses. Because mother's petition did not state a contract claim, but asked the court to compel compliance with a court order, the trial court properly dismissed her petition.

**¶10**        Mother also contends the trial court erred in dismissing her petition, instead of considering it as a contract claim, citing the memorandum decision in *Calcagno v. Ainbinder,* 1 CA-CV 14-0623FC, 2016 WL 3264116 (Ariz. App. June 14, 2016).[2]   However, in *Calcagno,* the wife initially sought to enforce the PSA by bringing a separate civil action. *Id.* at *1, ¶ 3.  The husband, in response, filed a motion to set aside the divorce decree and PSA. *Id.*  These two matters were consolidated before the family court *at the husband's request. Id.* at *2, ¶4.  When the wife subsequently asked the court to release proceeds from the sale of the parties' residence, the husband "challenged the family court's jurisdiction to rule upon the request in light of its prior practice of referring post-judgment collection issues to the civil division." *Id.* at *2, ¶ 6.  The court sanctioned the husband for this argument, and the appellate court similarly rejected it. *Id.* at *2, *3, ¶¶ 6, 9-11.

**¶11**        *Calcagno* is distinguishable because the wife initially filed a separate contract action, which we presume raised an independent contract claim.  Additionally, in *Calcagno,* the husband asked to have the family court hear the two matters and then challenged the court's jurisdiction over one of the claims. *Id.* at *2 ¶ 6.  As we noted above, mother's petition did not raise a contract claim, but sought to compel compliance with the decree and PSA.

**¶12**        Finally, mother argues the court had statutory authority to enforce the decree and PSA pursuant to A.R.S. § 25-317(E) (2017), which provides that the terms of a PSA "incorporated by reference in the decree are enforceable by all remedies available for enforcement of a judgment, including contempt."  However, an agreement to pay post-majority college

---

[2] Mother appropriately cited this memorandum decision pursuant to Arizona Supreme Court Rule 111(c)(1)(C) (2017) (allowing citation to memorandum decision for persuasive value when no published opinion adequately addresses the issue).

expenses is not a child support order subject to contempt, but a separately enforceable contract subject to contract remedies. *Solomon,* 167 Ariz. at 412. Although section 25-317(E) authorizes the use of contempt remedies, it does not authorize the use of contempt to enforce payment of one spouse's debt to the other. *See Masta v. Lurie ex rel. Superior Court,* 22 Ariz. App. 170, 171 (1974) (holding § 25-317(E) does not authorize contempt "to enforce the payment of monetary sums ordered in the settlement of property rights."); Charles Marshall Smith & Irwin Cantor, *Arizona Practice, Marriage Dissolution Practice* § 273, at 282 (2017) ("[P]ayment of one spouse's debt to the other, which is part of a property settlement, may not be enforced by contempt.").

**¶13**     Father's obligation to pay the adult child's college expenses is not a support obligation, but a debt owed to mother and the child. Arizona caselaw is clear that non-support payments due under property settlement agreements cannot be enforced by contempt proceedings. *See Danielson v. Evans,* 201 Ariz. 401, 411, ¶ 37 (App. 2001) (citing additional cases). Therefore, the order dismissing mother's petition is affirmed.

## II.     Attorneys' Fee Award

**¶14**     The trial court awarded father $2,700 in attorneys' fees. Mother objected to father's fee application because it did not provide sufficient detail to determine whether the $2,700 flat fee was reasonable. We review the award of attorneys' fees for an abuse of discretion. *Myrick v. Maloney,* 235 Ariz. 491, 494, ¶ 6 (App. 2014).

**¶15**     The party seeking an award of attorneys' fees must provide a sufficient description or breakdown of the work performed, including an affidavit indicating "the type of legal services provided, the date the service was provided, the attorney providing the service . . . , and the time spent in providing the service." *Schweiger v. China Doll Rest., Inc.* 138 Ariz. 183, 188 (App. 1983) (citing Arizona Rule of Civil Appellate Procedure 21). Such detail is necessary to allow the court to assess the reasonableness of the fee request. *Id.*

**¶16**     The fee affidavit merely stated the scope of the agreement generally as representation in the pending "post-decree matter for enforcement of a property agreement term." The reply provided a bit more

detail[3] but did not specify the amount of time spent or which attorney performed the work listed. "It is insufficient to provide the court with broad summaries of the work done and time incurred." *Schweiger, id.* Although father paid a flat fee, he still bears the burden of proving that the amount sought is reasonable in relation to the work performed and the result achieved. *Id.; see also Geller v. Lesk,* 230 Ariz. 624, 630, ¶ 18 (App. 2012), *disagreed with on other grounds in Am. Power Prod., Inc. v. CSK Auto, Inc.,* 242 Ariz. 364, 367-68 ¶¶ 13, 14 (2017). The application for attorneys' fees did not provide sufficient detail to satisfy the *Schweiger* requirements. Accordingly, we vacate the award of attorneys' fees to father.[4]

---

[3] The reply listed the following without specifying which attorneys or paralegal performed the work:

- Attended the RMC conference

- Briefed and replied the prevailing motion to dismiss

- Fended off Wife's ill-advised efforts to conduct discovery in a case in which the Family Court lacks jurisdiction.

- Prepared and now replies to yet another baseless claim by Wife regarding attorney's fees.

[4] Mother also contends the trial court failed to make any factual findings supporting its fee award. However, the court is not obligated to make findings of fact in the absence of a request. *See Trantor v. Fredrikson,* 179 Ariz. 299, 301 (1994); *Myrick,* 235 Ariz. at 494-95, ¶ 10 (citing *MacMillan v. Schwartz,* 226 Ariz. 584, 592, ¶ 39 (App. 2011)). Mother did not request such findings; therefore, we find no abuse of discretion.

Father requested fees pursuant to A.R.S. §§ 25-324 (2016) and 12-341.01 (2016). The trial court did not specify the statutory basis for its award. Father cited only the statutes and failed to support his claim with any evidence or argument. Mother contends the court abused its discretion in awarding fees given this lack of evidence.

The party requesting attorneys' fees bears the burden of proving he is entitled to an award. *See Woerth v. City of Flagstaff,* 167 Ariz. 412, 419 (App. 1990). As it relates to A.R.S. § 25-324, a party cannot satisfy this burden if he fails to provide the court with any information regarding his financial resources. In *Associated Indem. Corp. v. Warner,* 143 Ariz. 567, 570 (1985), the supreme court listed several factors a court should consider

**ATTORNEYS' FEES AND COSTS ON APPEAL**

**¶17**  Both parties request an award of attorneys' fees and costs on appeal pursuant to A.R.S. §§ 25-324 (2016) and 12-341.01 (2016). In the exercise of our discretion, we decline to award attorneys' fees to either party.

**CONCLUSION**

**¶18**  We affirm the order dismissing mother's petition to enforce and vacate the award of attorneys' fees to father.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

when exercising its discretion to award fees under A.R.S. § 12-341.01. Because father failed to offer any evidence or argument to support his fee request under either statute, there was no basis for the award. On this record, we cannot conclude the trial court properly exercised its discretion in awarding attorneys' fees to father.