NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

DENISE THOMAS GARLAN, *Petitioner/Appellee/Cross-Appellant*,

*v.*

MICHAEL J. GARLAN, *Respondent/Appellant/Cross-Appellee*.

No. 1 CA-CV 19-0245 FC

FILED 6-18-2020

Appeal from the Superior Court in Coconino County
No. S0300DO20020510
The Honorable Ted Stuart Reed, Judge
The Honorable Mark R. Moran, Judge (retired)

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Davis Miles McGuire Gardner, PLLC, Tempe
By Douglas C. Gardner
*Counsel for Respondent/Appellant/Cross-Appellee*

Linda Wallace, PLLC, Sedona
By Linda Wallace
*Counsel for Petitioner/Appellee/Cross-Appellant*

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Jennifer B. Campbell and Vice Chief Judge Kent E. Cattani joined.

**M c M U R D I E**, Judge:

**¶1**          Michael J. Garlan ("Husband") appeals from the superior court's order dismissing his petition for accounting and contempt, declining to modify its order dismissing Denise Garlan's ("Wife") petition for contempt, and modifying spousal maintenance. Wife cross appeals from the court's order dismissing her petition for contempt for Husband's failure to pay spousal maintenance and denying her claim for attorney's fees.

**¶2**          In this decision, we accept special action jurisdiction over the dismissal of Husband's and Wife's respective petitions for contempt but deny relief. We also affirm the court's order denying Wife's claim for attorney's fees. We address the order modifying husband's spousal-maintenance obligation in a contemporaneously filed opinion.

### FACTS AND PROCEDURAL BACKGROUND

**¶3**          The parties were married in 1985, and Wife petitioned for the dissolution of the marriage in 2002. In 2003, the parties executed a marital settlement agreement ("MSA"). As part of spousal maintenance,[1] the MSA provided that Husband would keep Wife on her current medical and dental insurance coverage for her life to be "paid directly from Husband's monthly income or from his estate in the event of his death." The MSA also stated that all corporate earnings of the parties' joint corporation that exceeded $300,000 may "be utilized to reduce Husband's obligation for spousal support or divided equally with Wife, at his option." The superior court dissolved the marriage and incorporated the terms of the MSA into a decree.

---

[1]      The MSA uses the term spousal "support," which we refer to as "maintenance" throughout this decision to remain consistent with the statutory language.

¶4            By 2006, Husband transferred his interest in the parties' corporation to Wife. The corporation dissolved in August 2008. According to Wife, the corporation had a deficiency of $150,000 at the time of its dissolution.

¶5            In 2009, Husband petitioned for an accounting and contempt to determine what the corporation earned from sales and if he was due any earnings retained by the corporation or an offset on his spousal-maintenance obligation under the terms of the MSA. Husband alleged that Wife had failed to disclose records that would allow him to conduct an accounting and requested that the court issue an order: (1) requiring Wife to provide a full accounting of the corporation's business; and (2) order wife to pay him 50 percent of any earnings made by the corporation over the $300,000 threshold set by the MSA. Wife counter-petitioned for contempt, alleging that Husband had failed to pay as required under the MSA for her medical and dental insurance premiums after January 24, 2003.

¶6            During discovery on the related claims, Husband sought records related to the parties' corporation from January 1, 2003, to January 21, 2006. In response, Wife produced tax returns, QuickBooks-records, balance sheets, bank registers, and annual reports filed with the Arizona Corporation Commission. The superior court ordered Wife to provide additional business records requested by Husband.

¶7            At an evidentiary hearing in 2011, Wife admitted she did not comply with the court's order as she failed to request the records from third-party custodians to produce the bank records, canceled checks, deeds, receipts, and closing statements for properties sold by the corporation. After the 2011 evidentiary hearing, the superior court found that Wife unreasonably failed to comply with the court-ordered discovery. The court also found that the parties intended to provide medical and dental insurance to Wife for the rest of her life due to a known pre-existing condition and that Husband had a duty to pay for the medical-insurance coverage for Wife, even though Husband was legally unable to provide medical coverage to Wife through his employer post-decree. The court declined to issue a final ruling on either Husband's or Wife's petitions until Wife provided the requested discovery.

¶8            In 2018, Husband moved to dismiss Wife's 2009 petition for contempt, arguing that she had only partially complied with the superior court's disclosure and discovery order and that he was still unable to accurately determine the corporation's earnings in the absence of a full

accounting. After oral argument, the court dismissed Wife's petition for contempt without prejudice as a sanction for Wife's failure to provide the previously ordered documentation.

**¶9**     After a two-day evidentiary hearing in November 2018, the superior court dismissed Husband's 2009 petition for contempt, finding it had no authority to grant contempt related to a debt owed under a separation agreement. The court declined to modify its order dismissing Wife's contempt petition to be with prejudice. The court declined to award attorney's fees and costs to either party.

**¶10**     Both parties appealed. The denial of a petition for contempt is not appealable. *See Berry v. Superior Court (Martone)*, 163 Ariz. 507, 508 (App. 1989). However, in the exercise of our discretion, we treat the parties' appeals from the dismissal of their respective contempt petitions as petitions for special action and accept jurisdiction. *Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 35 (App. 2001).

## DISCUSSION

### A.     The Superior Court Did Not Err by Dismissing Husband's Petition for Contempt.

**¶11**     Husband argues the superior court erred by dismissing his petition for contempt because it had jurisdiction to enforce the MSA provisions relating to property and had the authority to find Wife in contempt for failing to provide an accounting.

**¶12**     We review an order dismissing a petition for lack of jurisdiction *de novo*. *Mitchell v. Gamble*, 207 Ariz. 364, 367, ¶ 6 (App. 2004). Arizona Revised Statutes ("A.R.S.") section 25-311 vests the superior court with jurisdiction to hear and decide all matters under Title 25. *Weaver v. Weaver*, 131 Ariz. 586, 587 (1982). In a marriage-dissolution proceeding under Title 25, the terms of a separation agreement, except support and custody terms, are binding on the court if the court finds the agreement is not unfair. A.R.S. § 25-317(B); *Buckholtz v. Buckholtz*, 246 Ariz. 126, 131, ¶ 18 (App. 2019). The terms of a written separation agreement, whether merged or incorporated into a decree, "are enforceable by all remedies available for enforcement of a judgment, including contempt." A.R.S. § 25-317(E).

**¶13**     Section 25-317(E), however, only permits enforcement of a separation agreement through contempt proceedings "as it has been used and interpreted in [Arizona]" before the statute's enactment. *Masta v. Lurie ex rel Superior Court*, 22 Ariz. App. 170, 171 (1974). In *Stone v. Stidham*, 96

Ariz. 235, 239–40 (1964), and *Proffit v. Proffit*, 105 Ariz. 222, 224 (1969), our supreme court held that the Arizona Constitution barred the enforcement of property-settlement provisions of divorce decrees and separation agreements concerning sums of money by contempt proceedings. *See* Ariz. Const. art. 2, § 18 ("There shall be no imprisonment for debt, except in cases of fraud."). This remains the settled rule in Arizona. *Danielson v. Evans*, 201 Ariz. 401, 411–12, ¶¶ 37–38 (App. 2001); 3 Charles Marshall Smith & Irwin Cantor, *Arizona Practice Series*, *Marriage Dissolution Practice* § 273, Westlaw (database updated Sept. 2019).

¶14        Here, although Husband's counsel attempted to characterize the 2009 petition for contempt otherwise at the 2018 evidentiary hearing, Husband sought to enforce the provision of the MSA entitling him to 50 percent of the corporation's retained earnings over $300,000 through civil contempt. The language of the petition makes clear that the purpose of Husband's request for an accounting, and the petition for contempt as a whole, was to hold Wife in contempt for failing to pay a debt he was allegedly owed under MSA. The petition specifically requested the court to order that: "in the event [Wife] received income from [the corporation] during the time period contemplated by the [MSA], which is in excess of the $300,000 threshold entitling [Husband] to 50%; that [Wife] be required to pay [Husband] 50% of any and all such income."

¶15        The superior court correctly observed that Husband requested it to order Wife to pay the debt allegedly owed under the MSA through civil contempt. Thus, the court did not err by concluding it did not have the power to resolve Husband's petition for contempt. Husband simply cannot recover a sum of money allegedly owed under the property-settlement provisions of the MSA via civil contempt proceedings. *See also*, A.R.S. § 12-865(A) ("No proceeding for contempt shall be instituted against any person unless begun within one year from the date of the act complained of.")

¶16        Instead, Husband should have filed a breach-of-contract action. Because the MSA explicitly stated that it "shall not be set forth or merged" with the decree and "shall survive as an independent contract of the parties," it "retain[ed] its independent contractual status and is subject to the rights and limitations of contract law." *LaPrade v. LaPrade*, 189 Ariz. 243, 247 (1997); *Buckholtz*, 246 Ariz. at 129, ¶ 10 ("contract law governs" an incorporated property-settlement agreement). As a result, all terms of the MSA other than those that concerned spousal maintenance could only be enforced by filing a separate contract action. Although we do not opine on the merits of such an action, we note that any contract claim is subject to the

six-year statute of limitation applicable to contract actions. A.R.S. § 12-548(A)(1); *see also Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 591 (1995) (under A.R.S. § 12-548, the statute of limitations commences when a party knows or in the exercise of reasonable diligence should know that he or she has been injured).

**B.     The Superior Court's Order Dismissing Wife's Petition for Contempt Without Prejudice Was at Most Harmless Error.**

**¶17**       Wife argues that the superior court abused its discretion when it dismissed her petition for contempt as a sanction for her failure to comply with the discovery orders. We review the dismissal of a petition for discovery violations for an abuse of discretion. *Rivers v. Solley*, 217 Ariz. 528, 530, ¶ 11 (App. 2008). However, "[t]he trial court's discretion in dismissing a case for discovery violations 'is more limited than when it employs lesser sanctions.'" *Id.* (quoting *Lenze v. Snythes, Ltd.*, 160 Ariz. 302, 305 (App. 1989)). "The extreme sanction of dismissal requires an evidentiary hearing and 'is warranted only when the court makes an express finding that a party, as opposed to his counsel, has obstructed discovery, . . . and that the court has considered and rejected lesser sanctions as a penalty.'" *Id.* at 531, ¶ 13 (omission in original) (quoting *Wayne Cook Enters., Inc. v. Fain Props. Ltd. P'Ship*, 196 Ariz. 146, 149, ¶ 12 (App. 1999)).

**¶18**       Here, after an evidentiary hearing, the superior court sanctioned Wife for failing to comply with the discovery orders by dismissing her petition for contempt but made no findings concerning Wife's culpability or the availability of lesser sanctions. Had the court ordered Wife's petition dismissed with prejudice, it is possible that the court's failure to make such express findings would require a remand for it to make the requisite findings. But because wife is free to refile her claim, and has not shown how the dismissal of her petition prejudiced her, we conclude that any error concerning the sanction imposed by the court was harmless. *See* Ariz. R. Fam. Law P. 86 (harmless error). Moreover, the evidence presented to the court, including an expert report concluding that insufficient documentation was provided to accurately calculate the corporation's earnings and Wife's admission in a deposition that her former accountants might still have records related to the corporation, provided reasonable support for the court's finding that Wife was not fully complying with discovery orders.

**¶19**       Wife asserts that because the superior court lacked "subject matter jurisdiction" over Husband's contempt petition, any order stemming from those proceedings is void. But this argument relies on prior

caselaw in which the term "jurisdiction" is unartfully used in describing the *scope* of the superior court's authority, rather than in its proper context as the "statutory or constitutional power to hear and determine a particular type of case." *State v. Maldonado*, 223 Ariz. 309, 311-13, ¶¶ 14, 15–21 (2010); *State v. Espinoza*, 229 Ariz. 421, 426, ¶ 21 (discussing the difference between subject-matter jurisdiction and the court acting beyond statutory authority). The superior court undoubtedly has subject-matter jurisdiction to hear an action for civil contempt. *See* A.R.S. §§ 12-861 to -865. Article 2, Section 18, of the Arizona Constitution does not deprive the superior court of the power to hear and determine civil contempt actions; it merely prohibits the *use* of that authority to hold a party in civil contempt for failing to pay a sum of money owed under a separation agreement or divorce decree.

¶20 We note that Wife's petition for contempt addressed allegedly contemptuous conduct dating back to more than one year before the petition for contempt was filed. Such claims may be barred under the applicable statute of limitations should she choose to refile her original petition for contempt. A.R.S. § 12-865(A) ("No proceeding for contempt shall be instituted against any person unless begun within one year from the date of the act complained of."). We also note that although Wife is entitled to file an action seeking a judgment of arrearages on the health-insurance coverage Husband allegedly failed to supply, Husband is entitled to defend against that action by seeking an offset of any arrearages under the terms of the MSA.

## C.     The Court Did Not Abuse Its Discretion by Denying Husband and Wife Attorney's Fees and Costs.

¶21 Wife challenges the superior court's denial of attorney's fees. We review the denial of attorney's fees for an abuse of discretion. *Democratic Party of Pima County. v. Ford*, 228 Ariz. 545, 547, ¶ 6 (App. 2012). The superior court found that both sides unreasonably delayed litigating two petitions for contempt and one petition for spousal-maintenance modification for nine years and declined to award attorney's fees to either party. Finding no abuse of discretion, we affirm.

## ATTORNEY'S FEES AND COSTS

¶22 Both parties request attorney's fees and costs on appeal under A.R.S. § 25-324. Given the disparity of financial resources between the parties, we award Wife her attorney's fees and costs, subject to her compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶23        We affirm the orders of the superior court.



AMY M. WOOD • Clerk of the Court
FILED:    AA