496 P.2d 874

Carl J. **SLONSKY** and Lillian Slonsky,
his wife, Appellants,

v.

Richard M. **HUNTER**, dba Hunter Con-
struction Company, Appellees.

No. I CA–CIV 1412.

Court of Appeals of Arizona,
Division 1.

May 11, 1972.

Kanne & Bickart, by Allen B. Bickart,
Phoenix, for appellants.

Kaplan & Brazlin, by John W. Nelson
and Jerold Kaplan, Phoenix, for appellee.

KRUCKER, Chief Judge.

On September 9, 1967, the plaintiff-ap-
pellee, Richard M. Hunter, dba Hunter
Construction Company, entered into a con-
tract with the defendants for remodeling
work. The plans, as drawn by Hunter,
were based upon measurements by an em-
ployee of Hunter, James Williams. After
construction was completed and the de-
fendants had made substantial payment of
the contract price, leaving a balance of
$3,034, the bedroom, family room and
kitchen were all found to vary by at least
one foot from the measurements specified
in the plans. In addition, the linen closet,
which on the plans was to open into the
hall, was rearranged with entry being from
the bedroom.

Subsequent to the Slonskys taking
possession of the property, this action was
instituted by Hunter to foreclose his lien
upon the subject property. The Slonskys
filed an Answer and a Counterclaim
against Hunter, alleging breach of con-
tract, negligence and reckless and wanton
conduct on the part of Hunter in perform-

ance of the contract. The counterclaim was mandatory according to Rule 13(a), Arizona Rules of Civil Procedure, 16 A.R.S.

The case was tried before the Honorable John E. Burke. At the close of the defendants' case, the court dismissed the counterclaim and withdrew the remaining issues from the determination of the jury and entered Judgment for the plaintiff in the amount of $2,950 and foreclosed the lien. At the trial, counsel for both parties opposed the judge's dismissal of the jury. It is from the trial court's dismissal of the jury that defendants here appeal.

The question before this court on appeal is whether the trial court committed reversible error in dismissing the jury.

### JURY TRIAL

 The right to a jury trial is provided by Art. 2 § 23 of the Arizona Constitution, A.R.S. Rules 38 and 39, Arizona Rules of Civil Procedure, 16 A.R.S., make provisions for jury trials. The case law is clear that even in equity cases, where a jury has been demanded, the court may not withdraw the case from the jury's consideration if there are controverted issues of fact. Haynie v. Taylor, 69 Ariz. 339, 213 P.2d 684 (1950); Greer v. Goesling, 54 Ariz. 488, 97 P.2d 218 (1939); Zimmer v. Salcido, 9 Ariz.App. 416, 453 P.2d 245 (1969).

 Counsel for appellee, while not conceding reversible error, agrees that the law in Arizona requires that the jury not be dismissed unless there were no disputed factual issues. We find that there were disputed factual issues and that the dismissal of the jury was reversible error. The case is reversed and remanded for a new trial.

Since the error requiring a new trial was made by the trial court in spite of objections by counsel for both parties, we find good cause to relieve either party from payment of a jury fee pursuant to A.R.S. § 12–332, subsec. C, as amended.

The parties otherwise shall bear their own costs.

HATHAWAY and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.