534 P.2d 267

**Louis MARCONI and Loretta Marconi, husband and wife, Appellants,**

v.

**B. R. KAPLAN and M. J. Kates, Appellees.**

No. 11682.

Supreme Court of Arizona, In Division.

April 18, 1975.

Rehearing Denied May 28, 1975.

Norman Herring, Phoenix, for appellants.

Browder & Gillenwater by Robert W. Browder, Phoenix, for appellees.

HOLOHAN, Justice.

This appeal was filed by the plaintiffs to set aside the judgment of the superior court dismissing their action with prejudice. The essential issue presented by this appeal is whether the action of the trial court in entering a judgment of dismissal with prejudice was legally correct.

The record discloses that in November, 1970 the plaintiffs, husband and wife, filed a damage action in the Superior Court of Maricopa County, Cause No. C 241696, against the defendant podiatrists for negligence and performing surgery without consent. In due course, the defendants answered the complaint denying the allegations of the complaint.

During the year 1971, settlement negotiations were entered into between plaintiffs and defendants acting through their attorneys. Various demands and counteroffers were made which culminated on December 17, 1971, three days before the trial date, with an agreement by the parties to settle the action for the sum of $2500.

The attorney for the defendants filed a notice of settlement with the trial court, and he sent a request to New York to the attorneys for the insurance carrier for a draft in the amount of the settlement.

Upon receipt of notice of settlement, the trial court, acting through The Honorable Paul W. LaPrade, vacated the trial setting and ordered that the cause be placed on the inactive calendar for 60 days to allow for the presentation of a formal written stipulation and order of dismissal.

When 30 days had passed and the plaintiffs had not received their settlement, on January 25, 1972 the attorney for the plaintiffs wrote to the defendants' attorney complaining of the delay and demanding immediate action. Counsel for the defendants responded by again writing to the attorneys for the insurance carrier enclosing a copy of the letter from plaintiffs' counsel and urging that the attorneys for the carrier give immediate attention to the request. On February 9, 1972 the attorneys for the insurance carrier replied to the letter from counsel for the defendants acknowledging that his first letter had been overlooked and that action was being taken on the request to secure a draft.

On February 14, 1972, counsel for the plaintiffs advised defendants' counsel that the plaintiffs no longer wished to go along with the settlement, feeling that the insurance company had acted in bad faith. Plaintiffs' counsel also advised that new counsel would be entering the case and that plaintiffs' counsel would be withdrawing.

On February 17, 1972, the insurance company forwarded the draft in the amount of $2500 from the New York office to counsel for the defendants. Upon receipt of the draft on February 21, 1972, counsel for the defendants sent the draft, a release form, and a stipulation and order of dismissal to counsel for the plaintiffs. The defendants' counsel pointed out that his clients were declining to accept the withdrawal of settlement, maintaining that the parties had a binding agreement and the defendants expected it to be honored.

On March 29, 1972, no stipulation and order of dismissal having been received by the trial court, the trial judge signed an order of dismissal of the action, dismissing it without prejudice.

By April 28, 1972, new counsel had appeared for plaintiffs and filed a new action in the superior court (Cause No. C 261575), alleging substantially the same claim as that stated in the first action. The defendants appearing by the same counsel answered, denying negligence and asserting the affirmative defense of settlement. Prior to filing of the answer in Cause No. C 261575, counsel for the defendants, on April 25, 1972, filed a motion to compel settlement in the first cause, Cause No. C 241696. The motion was heard by The Honorable Howard Thompson. After considering the matter, Judge Thompson ordered the dismissal set aside, the cause restored to the active calendar, and granted the motion of the defendants to compel settlement. On June 20, 1972, Judge Thompson signed a formal written judgment dismissing the action of the plaintiffs with prejudice. This appeal followed.

■ The action was originally placed on the inactive calendar by Judge LaPrade pursuant to Rule XIX(c), Local Rules of Practice for the Superior Court of Maricopa County, A.R.S. 17A:

"After a case has been set for trial and the parties have announced settlement without presenting a final judgment to the court, the case shall be placed on the inactive calendar and shall be dismissed without further notice on a day approximately 30 days hence, unless in the meantime, a final judgment shall have been filed and entered of record, or unless the court shall, on motion of any party, reset said case for trial."

The actions of Judge LaPrade were clearly within the provisions of the above quoted rule. When neither party had submitted a

final judgment nor had a motion for reinstatement on the active calendar been filed the trial judge entered the appropriate order of dismissal without prejudice.

Counsel for the defendants sought by his motion to compel settlement to reactivate the first cause which had been dismissed. In order for the trial court to set aside the dismissal it was incumbent upon the defendants to show good cause. Counsel for defendants argues that, despite the label, the motion should be treated as a motion to set aside the dismissal pursuant to Rule 60(c) of the Rules of Civil Procedure, A.R.S. 16. Moore's Federal Practice, Volume 7, § 60.28[3]. Defendant's counsel contends that the provision of Rule 60(c) allowing relief for "any other reason justifying relief from the operation of the judgment" should be applied.

■ Treating the motion as one for relief under Rule 60(c) does not justify the action of the trial court. The circumstances do not warrant setting aside the dismissal without prejudice; especially is this true when the defendants were in effect attempting to secure a judgment of dismissal with prejudice. By the filing of the new action (C 261575), the issues were appropriately raised, and the defendants by their answer had set up the affirmative defense of settlement. Instead of attempting to resurrect the action which counsel for the parties had allowed to be dismissed, the appropriate action was to proceed under the new complaint.

A new issue had arisen in the relationship of the parties, the issue of settlement. This is made abundantly clear by the fact that the defendants now claim that the settlement agreement is presumed accepted by plaintiffs as a substitute for their tort claim, and defendants further claim that the tort claim has been satisfied by the new agreement. See Restatement of Contracts §§ 418 and 419. These contentions must be pled in a proper action and the plaintiffs permitted to meet these new issues.

The new action (C 261575), with the answer setting up the affirmative issue, is the proper case to litigate defendants' contentions that a new agreement has been substituted for the tort claim of the plaintiffs. With the issues joined and all parties on notice of those issues, the matter can be heard.

The order of the trial court setting aside the dismissal without prejudice and entering judgment with prejudice in Cause No. C 241696 is reversed, and the foregoing order and judgment are vacated, and the previous order of dismissal without prejudice is reinstated.

Reversed.

CAMERON, C. J., and LOCKWOOD, J., concur.