545 P.2d 945

**Marvin H. SHAFFER and Marion E. Shaffer, Appellants,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, a stock insurance company, Appellee.**

**No. 12001.**

Supreme Court of Arizona, In Division.

Feb. 10, 1976.

Kenneth P. Clancy and Pain & Julian by Fred J. Pain, Jr., Phoenix, for appellants.

Snell & Wilmer by Bruce Norton and George H. Lyons, Phoenix, for appellee.

HOLOHAN, Justice.

Appellant Shaffers brought action against appellee Insurance Company of North America for breach of contract. Appellants made a timely demand for a jury trial. Prior to the trial date the parties entered into settlement negotiations which, according to appellee, culminated in a settlement. The attorneys for appellants had agreed to a settlement, but the so-called settlement was later repudiated by appellants.

Appellee filed a Petition for an Order to Show Cause why the matter should not be dismissed with prejudice because the action was settled. The superior court set a hearing date. Three days prior to the hearing date appellants filed a Withdrawal and Substitution of Counsel in which prior counsel were dismissed and new counsel substituted. A new hearing date was set. Appellants' new counsel were unsuccessful in their efforts to have the Order to Show Cause quashed. Appellants renewed their demand for trial by jury of the issue of settlement. The demand was refused.

The hearing was held by the court without a jury, and the trial court found that an agreement had been reached between the parties to settle the suit on the insurance contract; that counsel for appellants had authority to enter into such an agreement; and that appellee's remedy at law was inadequate. The trial court dismissed

**22**

appellants' action with prejudice. This appeal followed. We assumed jurisdiction pursuant to 17A A.R.S. Sup.Ct.Rules, rule 47(e)(5).

On appeal, appellants contend that the dismissal of the action was error because appellants were denied the right to a jury trial on the issues, and the alleged settlement agreement was not enforceable because it had not been reduced to writing.

 We limit our consideration to the first issue because it is dispositive of the matter. Throughout the proceedings in the trial court, appellants demanded their right to a jury trial. Under the law of Arizona either party to any litigation in the superior court is entitled to a jury trial as a matter of right. *Stukey v. Stephens,* 37 Ariz. 514, 295 P. 973 (1931). The right is applicable to cases in equity as well as in law. *Stukey v. Stephens, supra; Slonsky v. Hunter,* 17 Ariz.App. 231, 496 P.2d 874 (1972).

The procedural device adopted by appellee to establish the affirmative defense of settlement was not proper. The correct procedure is suggested in *Marconi v. Kaplan,* 111 Ariz. 525, 534 P.2d 267 (1975). When a new issue arises in the relationship of the parties, it must be pled in a proper manner. Rule 15(d) of the Rules of Civil Procedure permits the filing of a supplemental pleading to set forth transactions or occurrences which have happened since the initial pleading. Appellee should have moved to file a supplemental answer to set forth the new defense based on the events which occurred subsequent to the original pleadings. Pursuant to Rule 42(b) the superior court could have ordered a separate trial on the issue of settlement, preserving, however, the right of trial by jury on that issue.

Appellee suggests that the facts are not in dispute, and there was no necessity for a jury trial because the resolution of the controversy rested on matters of law. Appellants dispute this suggestion and point out that appellants deny authorizing or approving a settlement by their attorneys. From a review of the record there are a number of matters of fact which are in dispute. The appellants were entitled to a trial on the issue of settlement, and the appellee had the burden of proof to establish its contention that the action had been compromised and settled.

The order of the superior court dismissing the action with prejudice is set aside, and this cause is remanded to the superior court with directions to reinstate the action and proceed to try the issues in a manner consistent with the views expressed in this opinion.

Reversed and remanded.

STRUCKMEYER, V. C. J., and HAYS, J., concur.