643 P.2d 503

**Joene H. WEAVER, Petitioner/Appellee,**

v.

**John D. WEAVER,
Respondent/Appellant.**

**No. 2 CA–CIV 3911.**

Court of Appeals of Arizona,
Division 2.

Sept. 25, 1981.

Rehearing Denied Nov. 6, 1981.

Review Granted Dec. 1, 1981.

Gaila Davis, Tucson, for petitioner/appellee.

Rabinovitz & Dix, P. C. by J. Stephen Dix, Tucson, for respondent/appellant.

## OPINION

HATHAWAY, Chief Judge.

A decree of dissolution is challenged by the respondent-husband as to the superior court's jurisdiction because his default was entered prior to the expiration of the 60 days mandated by A.R.S. § 25–329. He also contends the court had no jurisdiction to enter a money judgment against him for damage done to petitioner-wife's separate property and therefore the award to her of $1,250 for attorney's fees was excessive. We find no merit to these contentions and affirm.

On January 21, 1980, petitioner-wife filed an amended petition for dissolution of marriage. An appearance and waiver form, signed by respondent on January 23, was filed on January 25, 1980. Respondent initialed the following statement on the appearance and waiver form:

"Does hereby accept service of Alias Summons, Amended Petition and Preliminary Injunction, and Order to Show Cause."

A hearing on the order to show cause was held on February 28, 1980, at which both parties testified and respondent was ordered to pay to petitioner the sum of $200 per month for temporary spousal maintenance. Entry of default was filed on February 29, and notice was served on respondent advising him that default had been entered and that petitioner would apply for a default decree on March 7, 1980.

On March 7, respondent, by his attorney, filed a motion to set aside the entry of default. A hearing on this motion was held on March 28, and the motion was denied on April 2. In the interim, the March 7 default hearing previously scheduled was postponed until April 4. A default trial was held and both parties testified and presented evidence, both documentary and in the form of witness' testimony.

On July 17, 1980, a formal decree of dissolution was filed. The court expressly found that the evidence was clear that respondent had wilfully and maliciously damaged or destroyed petitioner's sole and separate property in an amount exceeding $5,000. The court, however, awarded petitioner only $5,000 for this property damage, the sum prayed for in her petition.

A.R.S. § 25–329 provides:

"Trial or hearing on an application for a decree of dissolution of marriage or for legal separation shall not be had until sixty days after the date of service of process or the date of acceptance of process."

■ Appellant accepted service of process on January 23, 1980, and contends that entry of default before the expiration of the 60-day statutory period deprived the court of jurisdiction. This argument is advanced for the first time on appeal. Jurisdictional questions, however, may be raised for the first time on appeal. *Bates & Springer of Arizona, Inc. v. Friermood*, 109 Ariz. 203, 507 P.2d 668 (1973).

■ Respondent's position is that A.R.S. § 25–329 operates to suspend the authority of the superior court to enter a default in marriage dissolution proceedings prior to the expiration of 60 days. We do not agree. The very language of the statute is clear—only the trial or hearing on the application for dissolution is suspended. As is pointed out in the annotation commencing at 62 A.L.R.2d 1262, statutes providing for a delay or a cooling-off period prior to trial of a divorce case are of two types: (1) Those that require a delay between the commission of the offense and the filing of the petition that complains of it; and (2) those that require a delay between the filing of the petition, or service of process, and the date of trial. The most obvious purpose of a statute that requires a delay is to give the parties, or at least the petitioner, time to "cool off" or time for reflection, so that the parties may effect a reconciliation or reach an agreement that may prevent a divorce.

Our conciliation statutes provide that for 60 days after the filing of the petition for conciliation, "proceedings then pending in the superior court shall be stayed...." A.R.S. § 25–381.18(A). In *Rodriguez v. Rodriguez*, 8 Ariz.App. 5, 442 P.2d 169 (1968), we construed this statutory provision to mean that the status quo is preserved and any steps taken in the divorce action during the 60-day period had no validity. Under the dissolution statute, A.R.S. § 25–329, however, only the hearing or trial is suspended. Entry of respondent's default prior to the expiration of the 60 days, therefore, did not invalidate the proceedings since the statutory mandate was satisfied.

■ We do not agree with respondent that the court could not award petitioner a money judgment in the dissolution proceedings. See *Wine v. Wine*, 14 Ariz.App. 103, 480 P.2d 1020 (1971); *Srock v. Srock*, 11 Ariz.App. 483, 466 P.2d 34 (1970). Petitioner was not required to maintain an independent action for damages. *Srock*, supra. Since the court had jurisdiction to award the $5,000 damages in Title 25 proceedings, respondent's argument as to attorney's fees necessarily fails.

Affirmed.

HOWARD, J., and ALICE TRUMAN, Superior Court Judge, concur.

NOTE: Judge BEN C. BIRDSALL having recused himself from consideration of this matter, Judge ALICE TRUMAN was called to sit in his stead and participate in the determination of this decision.