643 P.2d 499

Joene H. WEAVER, Petitioner/Appellee,

v.

John D. WEAVER,
Respondent/Appellant.

No. 15748–PR.

Supreme Court of Arizona,
En Banc.

March 9, 1982.

Galia Davis, Tucson, for petitioner/appellee.

Rabinovitz & Dix by J. Stephen Dix, Tucson, for respondent/appellant.

HAYS, Justice.

We accepted this Petition for Review to determine whether the trial court in a dissolution proceeding has jurisdiction to grant a money judgment against one spouse for damage to the *separate* property of the other spouse. We have jurisdiction pursuant to 17A A.R.S. Rules of Civil Appellate Procedure, rule 23, and A.R.S. § 12–120.24.

Petitioner-appellee Joene H. Weaver (hereinafter "wife") filed an amended Petition for Dissolution of Marriage and Order to Show Cause which also alleged that respondent-appellant John D. Weaver (hereinafter "husband") had intentionally destroyed certain of her separate property in the amount of $5,000. Husband accepted service. Forty-four days after service, wife mailed a Notice of Intent to Take Default to husband. The following day default was entered. Despite a Motion to Set Aside Default, the trial court entered a Decree of Dissolution and awarded money damages. On appeal, the Court of Appeals affirmed the judgment of the trial court and stated that a trial court could award a money judgment in dissolution proceedings. *Weaver v. Weaver*, 131 Ariz.App. 590, 643 P.2d 503, 1981.

In denying husband's Motion for Rehearing, the Court of Appeals cited *Proffit v. Proffit*, 105 Ariz. 222, 462 P.2d 391 (1969), for the proposition:

"that the dissolution court has inherent power to require restitution for separate property of a spouse which has been converted by the other spouse and to include in the dissolution decree a direction for payment of money."

In the *Proffit* case, the defendant-wife had redeemed for cash certain savings bonds which were the separate property of the plaintiff-husband. At the time the decision was rendered, A.R.S. § 25–318(A), which was later amended, provided in pertinent part:

"A. In entering a judgment of divorce the court shall order such division of the property of the parties as to the court seems just and right, according to the rights of each of the parties and their children, without compelling either party to divest himself or herself of title to separate property. . . ."

■ Because the standards to be applied in a dissolution proceeding are those of an equity court, *Crook v. Crook,* 80 Ariz. 275, 278, 296 P.2d 951, 952 (1956); *Schwartz v. Durham,* 52 Ariz. 256, 264, 80 P.2d 453, 456 (1938), we concluded that by exercising its equitable powers the court, without exceeding its statutory authority, was able to direct the defendant-wife to relinquish possession of the money. Only because the separate property wrongfully possessed in *Proffit* was converted into money did relinquishment of possession necessitate the payment of a sum of money. Thus, our holding permitting a court in a dissolution proceeding to require the defendant to pay a sum of money to the plaintiff was premised upon the defendant's *actual possession* of the other spouse's separate property which happened to be in the *form of money.* Under the present wording of A.R.S. § 25–318(A) which permits the court to "assign each spouse's sole and separate property to such spouse," given the facts in *Proffit,* the same equitable result would be reached. In the instant case, however, we are not dealing with possession, but rather destruction, of separate property.

■ Despite the application of equitable standards in a dissolution proceeding, it remains a statutory action, and the trial court has only such jurisdiction as is granted by statute. *Andrews v. Andrews,* 126 Ariz. 55, 58, 612 P.2d 511, 514 (App.1980); *Van Ness v. Superior Court,* 69 Ariz. 362, 365, 213 P.2d 899, 900 (1950). A.R.S. § 25–311 vests the superior court "with original jurisdiction to hear and decide all matters pursuant to this chapter." Thus, Title 25 defines the boundaries of a dissolution court's jurisdiction, and the court may not exceed its jurisdiction even when exercising its equitable powers.

■ Title 25 was amended subsequent to our decision in *Proffit.* A.R.S. § 25–318, in particular, was amended to provide in pertinent part:

"A. In a proceeding for dissolution of marriage, . . . the court shall assign each spouse's sole and separate property to such spouse. It shall also divide the community, joint tenancy and other property held in common equitably, though not necessarily in kind, without regard to marital misconduct. . . . Nothing in this section shall prevent the court from considering excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common.

. . . .

"C. The court may impress a lien upon the separate property of either party or the marital property awarded to either party in order to secure the payment of any interest or equity the other party has in or to such property, or in order to secure the payment of an allowance for child support or spousal maintenance or both. . . ."

Under this statute, a court is not precluded from considering destruction of property in dividing the community, joint tenancy or other commonly held assets acquired during marriage. However, no such provision is made for *separate* property. In fact, nowhere in Title 25 is there a statute which authorizes the superior court to allow a money judgment for damage by one spouse to the separate property of the other spouse in a dissolution proceeding. The dissolution court cannot, even in equity, assume jurisdiction not provided by statute. Its jurisdiction with respect to separate property is limited to assigning to each spouse his or her separate property under § 25–318(A) and impressing a lien pursuant to § 25–318(C). It has no jurisdiction to grant a money judgment against one spouse for damage to the *separate* property of the other spouse in a dissolution proceeding.

The opinion of the Court of Appeals is vacated, the judgment of the trial court awarding damages in a dissolution proceed-

ing for the destruction of separate property is reversed, and the case is remanded for further proceedings consistent herewith.

HOLOHAN, C. J., and CAMERON and FELDMAN, JJ., concur.

GORDON, Vice Chief Justice, specially concurring:

I specially concur in the majority's opinion. Although I agree with the analysis presented, I believe the result reached is dictated by a more fundamental principle— the right to trial by jury.

Article 2, § 23 of the Arizona Constitution provides in part, "The right of trial by jury shall remain inviolate." The same right is protected by Rule 38(a), Arizona Rules of Civil Procedure. It is well-settled in Arizona and elsewhere that in actions at *law*, such provisions give either party the right to demand a trial by jury with a binding jury verdict. But for actions in *equity*, I agree with the Court of Appeals when it said, "The situation in Arizona pertaining to the right of a jury trial in an equity case is a curious one * * *." *Hammontree v. Kenworthy*, 1 Ariz.App. 472, 477, 404 P.2d 816, 821 (1965).

Section 1389 of the 1901 Revised Statutes of the Territory of Arizona guaranteed the right to trial by jury in cases at law *and* equity. When Arizona became a state and enacted a constitution, the 1901 statutes were generally preserved as the law in Arizona by virtue of Ariz.Const. art. 22, § 2. When the statutes were rewritten and compiled in 1913, § 1389 of the 1901 statutes was incorporated into § 508 of the 1913 statutes.

Section 542 of the 1913 statutes provided that the verdicts of juries in equity cases were binding. This section was amended by 1921 Ariz.Sess.Laws ch. 125, however, and the effect of an equity jury's verdict was changed from binding to merely advisory.

Revised Arizona Codes were passed in 1928, 1939, and 1956. By the time of the 1956 Revised Code, the Arizona statutes no longer provided for jury trials on demand in equity cases. But where there are juries in equity cases, the role of the jury as an advisor has survived; this is now provided for in Rule 39(*1*), Arizona Rules of Civil Procedure.

Despite the fact that the right to demand a jury trial in an equity case has not survived to the current Arizona Revised Statutes, recent cases have, without analysis, stated that such a right still exists. *E.g., Shaffer v. Insurance Co. of North America,* 113 Ariz. 21, 545 P.2d 945 (1976). I disagree. A close reading of the cases cited by *Shaffer* reveals that they rely on other cases that either predate the disappearance of statutes guaranteeing the right to trial by jury in equity cases or merely deal with the provisions stating that when there is a jury in an equity case, the verdict rendered is advisory.

The guarantee of Ariz.Const. art. 2, § 23 is that the right of jury trial at common law is preserved. *Donahue v. Babbitt,* 26 Ariz. 542, 227 P. 995 (1924). Because the common law granted a jury trial as of right only in cases at law, I believe the rule in Arizona is that a party is not entitled to a jury trial with a binding jury verdict as of right in an equity case in the absence of a statute. There is no statute generally granting such a right.

The purpose of this exposition on the right to trial by jury is not to provide an exercise in interpreting and tracing statutes and distinguishing cases. Although neither party raises the issue, I believe the right to trial by jury is at the heart of this case and the case of *Proffit v. Proffit,* 105 Ariz. 222, 462 P.2d 391 (1969).

The wife in the instant case alleged that the husband intentionally destroyed $5,000 worth of her separate property. If this is true, wife has a cause of action for the tort of conversion. Torts sound in law, not in equity. Thus, for wife to recover $5,000 from husband, she must sue him at law.

If wife sues husband at law, he will have the right to demand a jury trial with a binding jury verdict by virtue of Ariz.Const. art. 2, § 23. If wife could recover her

$5,000 during a dissolution proceeding, for which there is no provision for a binding jury verdict, husband would be denied his state constitutional right to a jury trial. Therefore, not only does A.R.S. § 25–318 not authorize the actions of the trial judge in the instant case, if it purported to do so, that part of the statute would run afoul of the Arizona constitutional right to a jury trial in cases at law.

The decision of *Proffit v. Proffit*, 105 Ariz. 222, 462 P.2d 391 (1969), is also consistent with Ariz.Const. art. 2, § 23. In *Proffit*, wife appropriated some of husband's separate property, *viz.*, a ring and some savings bonds. At the time of the dissolution, she still had the ring but had exchanged the bonds for cash. Thus, husband had an action in equity for restitution to compel return of the ring in specie and the bonds as traced to the cash. A.R.S. § 25–318 allowed the trial court to order the equitable return of the property, and no right to jury trial was involved because the cause of action was in equity.

Therefore, the results reached in the instant case and in *Proffit* are consistent both with A.R.S. § 25–318 and with the right to a jury trial guaranteed by Ariz.Const. art. 2, § 23.