NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

ANGADREME HILL, *Petitioner/Appellee*,

*v.*

DAVID K. HILL, *Respondent/Appellant*.

No. 1 CA-CV 19-0456 FC
FILED 4-21-2020

Appeal from the Superior Court in Maricopa County
No. FC2018-053653
The Honorable Roy C. Whitehead, Judge

**REVERSED AND REMANDED**

COUNSEL

Wees Law Firm, L.L.C., Phoenix
By James F. Wees
*Counsel for Petitioner/Appellee*

Collins & Collins, LLP, Phoenix
By C. Robert Collins
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Kenton D. Jones joined.

**W I L L I A M S**, Judge:

¶1         David K. Hill ("Husband") appeals from the superior court's decree dissolving his marriage to Angadreme Hill ("Wife"), arguing the court erred in designating the marital residence as community property and ordering its sale and equitable division. For the following reasons, we reverse that portion of the decree and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

¶2         Husband and Wife married on May 2, 1998. On February 21, 1998[1]—approximately three months before the marriage—Husband purchased a home located on Oraibi Drive in Phoenix ("the Home") in his own name, using his own separate funds to pay the down payment. Husband and Wife both resided at the Home throughout the marriage and used community funds[2] to make mortgage payments. Wife filed for dissolution on June 20, 2018. Husband and Wife resolved several issues out of court but proceeded to trial in regard to day care reimbursement and property issues. At trial, Husband testified he had purchased the Home in his own name and made all mortgage payments before and during the marriage, while Wife testified the Home was intended to be marital property, but she was not included on the title because of her poor credit. In its dissolution decree, the court designated the Home as community property, and ordered it to be sold with the proceeds divided equally.

---

[1] Husband testified that he purchased the Home on February 21, 1998, which is the date reflected on the purchase contract, but with a closing date listed as March 27, 1998. Thus, the record is unclear as to the exact date the property was purchased. It is, however, undisputed that the Home was purchased before the marriage.

[2] Although the parties apparently maintained separate bank accounts and Husband's earnings were the primary source of marital income, the mortgage was paid with money earned during the marriage, which is community property. *See* A.R.S. § 25-211(A).

Husband filed a Rule 85 motion to set aside the part of the judgment regarding property distribution, which was denied. Husband timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶3**      Husband argues the court erred in designating the Home as community property. Husband contends that because he purchased the Home before the marriage and used his separate property to make the down payment, it is, as a matter of law, Husband's separate property subject to an equitable community lien. Wife contends there was an implied agreement to transmute the Home to community property.[3] The court's property characterization is a question of law we review *de novo*. *Schickner v. Schickner*, 237 Ariz. 194, 199, ¶ 22 (App. 2015).

**¶4**      Property is divided in accordance with its character, which is determined at its acquisition. *Porter v. Porter*, 67 Ariz. 273, 281 (1948). Property acquired by either spouse before marriage is characterized as separate property. A.R.S. § 25-213(A). The court must assign each spouse's separate property to that spouse. A.R.S. § 25-318(A). When property is characterized as separate, it remains separate unless and until its characterization is "changed by agreement of the parties or by operation of law." *Sommerfield v. Sommerfield*, 121 Ariz. 575, 578 (1979). Although "a residence which is separate property does not change its character because it is used as a family home and mortgage payments are made from community funds," such a situation may entitle the community to an equitable lien on the property. *Drahos v. Rens*, 149 Ariz. 248, 249-50 (App. 1985).

**¶5**      Wife argues the court correctly characterized the Home because it "was intended to be community property." Property's initial characterization is not dependent upon the parties' subjective intent; rather, we look to the property's acquisition to determine its characterization. *See Porter*, 67 Ariz. at 281. Here, the court found the Home was acquired by Husband before the marriage. Wife does not dispute that fact. In the dissolution decree, the court accurately cited the law, but erred in its characterization of the property. Because property is characterized at

---

[3] Wife also contends for the first time on appeal that Husband's failure to file a pretrial disclosure with the trial court violated Arizona Rule of Family Procedure 49. We generally do not consider issues raised for the first time on appeal, and the argument is therefore waived. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000).

acquisition, the Home was, as a matter of law, Husband's separate property as of the purchase date. *See* A.R.S. § 25-213(A); *see also Nace v. Nace*, 104 Ariz. 20, 22 (1968) ("The well settled law in this State is that the separate or community character of property is determined by its status at the time of the marriage. Once property has been identified as separate or community, it remains such as long as it can continue to be segregated.") (citations omitted).

**¶6**        Wife further contends the court's property characterization is justified because Husband and Wife either expressly or implicitly agreed to transmute the property from separate to community. Although Wife correctly asserts that a property's characterization may be altered by the parties' agreement, *see Sommerfield*, 121 Ariz. at 578, she fails to identify evidence of any agreement, express or implied, sufficient to transmute the Home to community property. Further, Wife fails to establish that the Home transmuted to community property as a matter of law. *See id.* Therefore, the Home remained Husband's separate property throughout the marriage.

**¶7**        Because the court mischaracterized the Home as a community asset, it erred in ordering its sale. *See* A.R.S. § 25-318(A) ("[T]he court shall assign each spouse's sole and separate property to such spouse."); *see also Weaver v. Weaver*, 131 Ariz. 586, 587 (1982) (holding that the superior court's jurisdiction over separate property in a dissolution proceeding is limited by statute to "assigning to each spouse his or her separate property . . . and impressing a lien"). However, because the court found community funds were used for mortgage payments, the community is entitled to a partial interest in the property, subjecting it to an equitable community lien. *See Drahos*, 149 Ariz. at 249-50 (holding that the husband's separate property was subject to an equitable community lien when community funds were used for mortgage payments and repairs); *see also* A.R.S. § 25-318(E) ("The court may impress a lien on the separate property of either party . . . in order to secure the payment of . . . [a]ny interest or equity the other party has in or to the property."). Because the record contains insufficient evidence to accurately calculate the community's interest in the Home, we remand for calculations pursuant to the formula prescribed in *Drahos*, 149 Ariz. at 250.

**CONCLUSION**

¶8 For the foregoing reasons, we reverse that portion of the decree designating the Home as community property. We also remand for further proceedings to calculate the amount of the community lien on Husband's separate property and to issue orders in accordance therewith. Both Husband and Wife request attorney's fees. Having considered the parties' financial resources and the reasonableness of the positions asserted on appeal, pursuant to A.R.S. § 25-324, we deny both requests.



AMY M. WOOD • Clerk of the Court
FILED: AA