NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

LELAND SNOOK, *Petitioner/Appellee,*

*v.*

MADALENA AGUILAR, *Respondent/Appellant*.

No. 1 CA-CV 20-0058 FC
FILED 12-15-2020

Appeal from the Superior Court in Maricopa County
No. FN2016-051451
The Honorable Dawn M. Bergin, Judge

**AFFIRMED**

COUNSEL

Schmillen Law Firm, PLLC, Scottsdale
By James R. Schmillen
*Counsel for Petitioner/Appellee*

Strong Law, Scottsdale
By Marc R. Grant, Jr.
*Counsel for Respondent/Appellant*

―――――――――――――――

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Acting Presiding Judge David B. Gass and Judge Michael J. Brown joined.

―――――――――――――――

**W I N T H R O P**, Judge:

¶1        Madalena Aguilar ("Wife") appeals the family court's judgment in favor of Leland Snook ("Husband"). Wife argues the family court (1) lacked subject matter jurisdiction to enter the judgment, (2) abused its discretion in granting Husband relief from the dissolution decree between the parties pursuant to Arizona Rule of Family Law Procedure ("Rule" or "ARFLP") 85(b)(6), and (3) abused its discretion when it used a November 2016 valuation of the marital residence rather than an April 2017 valuation. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        The parties were married in January 1991. On February 8, 2016, Husband filed a petition for dissolution of the marriage. Shortly before filing his petition, Husband moved out of the couple's home in Mesa ("the marital residence") at Wife's request.

¶3        Before trial, Husband sought to purchase Wife's equity in the marital residence and refinance it for use as his home. A November 2016 appraisal valued the marital residence at $900,000.

¶4        At the close of the January 9, 2017 dissolution trial, the family court granted Husband's request to purchase Wife's equity in the marital residence, ordered Wife to vacate the residence by February 27, 2017, and ordered Husband to either refinance the residence by a date certain or list it for sale. The court's January 11, 2017 dissolution decree incorporated these orders, required Husband to pay the mortgage on the residence beginning January 2, 2017, and precluded Wife from removing any fixtures from the residence. With regard to unrelated waste claims made by the parties, the court also found that "neither party wasted, destroyed, concealed, or fraudulently disposed of community assets." On February 10, 2017, Wife filed a timely notice of appeal from the decree.

¶5        As ordered in the decree, Wife moved out of the marital residence by February 27, 2017. The next day, Husband entered the home

and found it "in a damaged state." Based on Wife's alleged violations of court orders and the damaged condition of the marital residence, Husband filed a motion for contempt and for various orders on March 17, 2017. The motion sought court orders that Wife return personal property and execute a listing agreement for the couple's other home, and an offset order to account for the damage to the marital residence. Specifically, Husband asked the family court to "[o]rder that Husband is able to deduct from Wife's equity payment in the marital residence the cost to repair the items in the marital residence damaged by Wife," as well as a request for attorneys' fees.

¶6            On May 25, 2017, the family court held an evidentiary hearing addressing numerous issues, including Husband's motion. Although the court ruled in favor of Husband on most of the issues before the court, and ordered that Wife pay a portion of Husband's attorneys' fees and costs due to the unreasonable positions Wife had taken, the court declined to rule on Husband's request for relief related to damages to the marital residence. Instead, the court concluded that because a ruling on Husband's damage claim might change the final orders that were on appeal before this court, the family court lacked jurisdiction to rule on the issue. The family court further concluded that "Husband can either wait for a decision from our appellate court if he (Husband) wishes to revisit damage to certain real and personal property or Husband could consider a civil lawsuit against Wife." Husband completed the refinance of the marital residence in May 2017, and after accounting for ordered adjustments, Wife received $123,441.23.

¶7            On December 26, 2017, this court issued a memorandum decision addressing Wife's appeal of the decree. *See Snook v. Aguilar*, 1 CA-CV 17-0159 FC, 2017 WL 6567945 (Ariz. App. Dec. 26, 2017) (mem. decision). Although we largely affirmed the family court, we vacated certain orders, resulting in Husband owing Wife an additional sum of money. *See id.* at *4, ¶ 18.

¶8            As relevant here, Husband later filed an amended "Counter-Motion for Offset for Damage to Marital Residence and Previous Attorney's Fees Award," which was effectively a renewal of his previous damage claim. Citing *Birt v. Birt*, 208 Ariz. 546, 552-53, ¶ 26 (App. 2004) ("A trial court can modify a division of property in a dissolution decree by utilizing Rule 60(c)(6)."[1]), Husband requested in part that the "Court modify the disposition of community property in the Decree to take into account the

_____

[1]      Former Arizona Rule of Civil Procedure 60(c) is now Rule 60(b), Ariz. R. Civ. P.

damage sustained by Husband as a result of Wife's vindictive and dishonest conduct." Wife objected to the damage claim proceeding, arguing the family court lacked jurisdiction to rule because a final decree had been entered.

¶9 In a July 17, 2018 minute entry, the family court addressed Wife's jurisdiction argument, concluding the court did not lack subject matter or other jurisdiction and Husband could seek to reopen the decree under what is now Rule 85(b)(6), ARFLP. The court further concluded Husband was arguing the decree was "unfair and unjust insofar as it essentially gives Wife a greater portion of the community equity by virtue of causing Husband to use his own separate property to repair or replace property awarded to him in the dissolution action." The court also noted that "Husband seeks modification of the disposition of property to allow for a more equitable result. This is what Husband alleged in his initial March 17, 2017, filing and again in his May 24, 2018, amended filing."

¶10 In February 2019, the family court held a trial regarding Husband's amended counter-motion and damage claims. In an April 24, 2019 minute entry, the family court found (1) Husband was "a much more credible witness than Wife," (2) "Wife deliberately caused damage to the marital residence between the time the parties physically separated and February 27, 2017, when Husband took possession of the home," and (3) "Wife's actions were motivated by spite and a desire for retribution related to the breakup of the parties' marriage." The court also found none of the grounds set forth in Rule 85(b)(1)-(5) were applicable, and Husband was entitled to relief from the finality of the decree under Rule 85(b)(6) for the purpose of asserting his damage claim. The court further found Husband had proved most of the numerous alleged damages, including damage to the built-in refrigerators that would need to be replaced, and ultimately awarded Husband damages in the amount of $23,082.33.

¶11 After concluding Wife had acted unreasonably and had the financial resources to pay attorneys' fees, the family court issued a judgment awarding Husband the aforementioned damages and, as related to the damage claims, attorneys' fees and costs in the amount of $25,473.00, plus interest.

¶12 We have jurisdiction over Wife's timely appeal pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2). *See Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 428, ¶ 14 (App. 2016).

## ANALYSIS

### I.    *Subject Matter Jurisdiction and Authority*

**¶13** Wife argues the family court lacked subject matter jurisdiction and statutory authority to consider and enter a judgment on Husband's damage claim. She maintains all the damage occurred after the court awarded the marital residence to Husband, when the marital residence had by then become Husband's sole and separate property, and the court lacked the authority to enter orders relative to his sole and separate property.

**¶14** We review *de novo* questions of law, including whether subject matter jurisdiction exists. *Weaver v. Weaver*, 131 Ariz. 586, 587 (1982) ("Title 25 defines the boundaries of a dissolution court's jurisdiction, and the court may not exceed its jurisdiction even when exercising its equitable powers."); *State v. Flores*, 218 Ariz. 407, 410, ¶ 6 (App. 2008); *Thomas v. Thomas*, 203 Ariz. 34, 35-36, ¶ 7 (App. 2002). A defect in subject matter jurisdiction cannot be waived and may be raised at any time, including on appeal. *State v. Buckley*, 153 Ariz. 91, 93 (App. 1987). We also review *de novo* the interpretation and application of statutes and procedural rules. *See Thomas*, 203 Ariz. at 36, ¶ 7; *Alice M. v. Dep't of Child Safety*, 237 Ariz. 70, 72, ¶ 7 (App. 2015).

**¶15** In addressing Wife's subject matter jurisdiction argument, the family court ruled as follows:

> "Subject matter jurisdiction is the power to hear and determine cases of the general class to which the particular proceedings belong." *In re Marriage of Dorman*, 198 Ariz. 298, 301, ¶ 7 (App. 2000) (citation omitted) (internal quotation marks omitted). "The test of jurisdiction is whether the tribunal has power to enter upon the inquiry . . . ." *Greater Ariz. Sav. & Loan Ass'n v. Tang*, 97 Ariz. 325, 327 (1965). The Arizona Constitution and statutes prescribe the superior court's jurisdiction. *In re Estate of Hash v. Henderson*, 109 Ariz. 174, 178, *modified on other grounds*, 109 Ariz. 258 (1973). The superior court is a single unified court with original jurisdiction over "[c]ases and proceedings in which exclusive jurisdiction is not vested by law in another court," including "cases in which the demand or value of property in controversy amounts to one thousand dollars or more," and actions for "[d]ivorce and for annulment of marriage." Ariz.

> Const. art. VI, §§ 13, 14(1), (3), (9). "The superior court may maintain separate departments for different kinds of cases, but such administrative organization does not partition the court's general subject matter jurisdiction." *Ringegar v. Rinegar*, 231 Ariz. 85, 88, ¶ 13 (App. 2012). In other words, a party may seek remedy [] either by a separately filed civil action or by a motion to reopen the dissolution action and seek appropriate relief. Wife has failed to demonstrate the existence of any jurisdictional impediment to the Family Court rather than the Civil Court considering the parties disputed issue.

(Citations to Pacific Reporter omitted.) Although we review the issue *de novo*, we fully agree with this analysis by the family court.

¶16 Citing *Weaver* and A.R.S. §§ 25-311 and 25-318, Wife further argues the family court lacked "jurisdiction" to address Husband's motion.

¶17 Even assuming *arguendo* that Wife has not waived at least some portion of her argument, the argument, though raised under the purview of "jurisdiction," is essentially that the family court exceeded the scope of its authority to act under the marital statutes. *See In Re Marriage of Thorn*, 235 Ariz. 216, 220, ¶¶ 17-18 (App. 2014) (distinguishing *Weaver* and concluding that subject matter jurisdiction is not "coterminous" with the family court's authority to act pursuant to the marital statutes).

¶18 We conclude the family court had the authority to address Husband's amended counter-motion. Section 25-311(A) grants the family court original jurisdiction to hear and decide all matters arising pursuant to the dissolution of marriage statutes, including a division of the marital community. Under § 25-318(A), the court has the authority to "assign each spouse's sole and separate property to such spouse" and to otherwise divide the community and other property equitably. When performing the equitable division of property, the family court is specifically authorized to consider the "destruction, concealment or fraudulent disposition of community . . . property." A.R.S. § 25-318(C); *see also Weaver*, 131 Ariz. at 587 ("Under [A.R.S. § 25-318], a court is not precluded from considering destruction of property in dividing the community, joint tenancy or other commonly held assets acquired during marriage.").

¶19 Here, the family court awarded judgment to Husband for Wife's destruction of what had been community property acquired during the marriage. Unlike the property at issue in *Weaver*, the marital residence

was not Husband's sole and separate property at the time of filing for dissolution or even during the dissolution proceedings. *See* 131 Ariz. at 586-87. Instead, the marital residence was acquired by the parties during the marriage and was community property to be divided upon dissolution of the marriage. Wife's reliance on *Weaver* is unavailing and inconsistent with the proper application and intent of A.R.S. § 25-318. *See Fry v. Garcia*, 213 Ariz. 70, 72-73, ¶ 9 (App. 2006) ("For a statute to divest the superior court of jurisdiction, even in the broader sense of authority to act, the legislature must declare its intent to create divestiture 'explicitly and clearly.'" (citation omitted)).

**¶20** Furthermore, A.R.S. § 25-327(A) allows for the unwinding or reconsideration of a decision regarding community property by expressly allowing provisions as to property disposition to be revoked or modified when "the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." One such legal basis for reopening a judgment is ARFLP 85(b), which is analogous to Arizona Rule of Civil Procedure 60(b). *See Birt*, 208 Ariz. at 553, ¶ 26 (recognizing the statutory requirement found under A.R.S. § 25-327(A) envisions relief under what is now Rule 60(b)).

**¶21** Accordingly, we conclude the family court had both subject matter jurisdiction and the authority to address Husband's amended counter-motion.

> II.    *The Court's Decision to Grant Relief Under ARFLP 85(b)(6)*

**¶22** Wife argues the family court abused its discretion in reopening the decree pursuant to Rule 85(b)(6), ARFLP, for the purpose of allowing Husband to assert his damage claim against Wife. Wife maintains Husband failed to show extraordinary hardship or injustice and that Husband's damages could not be remedied through other means.

**¶23** We review for an abuse of discretion the family court's decision on a Rule 85 motion. *Alvarado v Thomson*, 240 Ariz. 12, 14, ¶ 11 (App. 2016). We view the facts in the light most favorable to sustaining the family court's order, while giving due regard to that court's opportunity to judge witnesses' credibility. *Id.* at 13, ¶ 1 n.1 (citations omitted). We base this deference on the family court's "'more immediate grasp' of the facts and superior ability to 'assess the impact' of what has occurred." *Birt*, 208 Ariz. at 549, ¶ 9 (citation omitted). "[T]he standards to be applied in a dissolution proceeding are those of an equity court." *Weaver*, 131 Ariz. at 587 (citations omitted). Nonetheless, a court may abuse its discretion when

it incorrectly applies the law. *Brown v. Superior Court*, 137 Ariz. 327, 332 (1983).

**¶24** As previously noted, once a decree of dissolution is entered, the family court cannot reopen a judgment unless that court finds the existence of conditions that justify such a reopening. A.R.S. § 25-327(A). Under Rule 85(b),

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to file a motion under Rule 83(a)(1); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

**¶25** The family court reopened the decree under Rule 85(b)(6). Rule 85(b)(6), much like Arizona Rule of Civil Procedure 60(b)(6), "may be applied when relief is not available under any of the other subsections to the rule . . . , and 'when our systematic commitment to finality of judgments is outweighed by extraordinary circumstances of hardship or injustice.'" *Birt*, 208 Ariz. at 551, ¶ 22 (citations omitted); *accord Rogone v. Correia*, 236 Ariz. 43, 48, ¶ 12 (App. 2014) (recognizing that, to set aside a judgment for any "other reason justifying relief," the movant must "show extraordinary hardship or injustice for a reason other than the five specified in [the Rule's other subsections]"). "When the burden to consider such relief has been met, the court should exercise its discretion so as to not deny relief where the result is harsh, rather than fair and equitable." *Birt*, 208 Ariz. at 551, ¶ 22 (citation omitted); *see also Rogone*, 236 Ariz. at 48, ¶ 12 (recognizing the court has broad discretion to vacate a judgment under subsection (6) "when, after considering the totality of the circumstances and the equities involved, the court determines that it is appropriate to accomplish justice" (citations omitted)).

**¶26** After a contested trial, the family court found "Wife deliberately caused damage to the marital residence between the time the parties physically separated and February 27, 2017, when Husband took possession of the home," and that "Wife's actions were motivated by spite

and a desire for retribution related to the breakup of the parties' marriage." Additionally, the court found Husband's "claims were well documented and supported," and he was more credible than Wife. Substantial evidence in the record supports the family court's findings, and on appeal, Wife does not directly dispute these findings, which fully support the family court's decision to exercise its broad discretion under Rule 85(b)(6) and rule that Husband was entitled to relief from the decree. *See Birt*, 208 Ariz. at 552, ¶ 25.

**¶27** Without citing legal support for her argument, Wife argues that damage deliberately caused to another's property must be of a certain percentage or amount to be considered an injustice or extraordinary hardship. We disagree. The family court's discretion was not limited by such a numerical analysis, and in any event, the amount of the damage here was obviously significant.

**¶28** Finally, we also find unavailing Wife's reliance on the language of *Tippit v. Lahr*, 132 Ariz. 406 (App. 1982), for her argument that Husband was required to show his damages could not be remedied by other means, such as a civil lawsuit. In *Tippit*, this court stated,

> It is well established that Rule 60([b]), [Ariz. R. Civ. P.] does not provide an alternative to appeal, or to other procedures for obtaining review of erroneous legal rulings, such as a motion for new trial or amended judgment under Rule 59. It is therefore held that a motion under Rule 60([b]) is not a device for reviewing or correcting legal errors that do not render the judgment void. While the precise scope of Rule 60([b]) relief defies neat encapsulation, it is clear that the rule, except as it applies to void judgments, is primarily intended to allow relief from judgments that, although perhaps legally faultless, are unjust because of extraordinary circumstances that cannot be remedied by legal review.

132 Ariz. at 408-09 (citations omitted).

**¶29** Read in context, the type of "legal review" to which *Tippit* referred was review through means such as an appeal, a motion for new trial, or an amended judgment, not a separate lawsuit. A separate lawsuit is not "legal review" of the decree, and *Tippit* did not hold that Rule 60(b) relief is unavailable if an innocent spouse has the ability to file a separate lawsuit to recover amounts inequitably distributed as a result of the other spouse's deliberate destruction of community property. Moreover, Wife's

interpretation of the language of *Tippit* would be inconsistent with *Birt*, which supports the conclusion that such relief was appropriate under Rule 85(b)(6). *See generally* 208 Ariz. at 551-53, ¶¶ 22-26. Accordingly, the family court did not abuse its discretion in reopening the decree pursuant to Rule 85(b)(6), ARFLP, for the purpose of allowing Husband to assert his damage claim against Wife.

### III. Valuation of the Marital Residence

**¶30** Wife next argues the family court erred when it used the November 12, 2016 appraised valuation of the marital residence ($900,000) rather than an April 13, 2017 valuation ($950,000).

**¶31** Absent a clear abuse of discretion, we will not disturb the family court's equitable division of community property. *See In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 14 (App. 2010). Additionally, the family court retains discretion to choose a property's valuation date, and we review the determination of a valuation date for an abuse of that discretion. *Sample v. Sample*, 152 Ariz. 239, 242 (App. 1986). In our review, we view the evidence in the light most favorable to sustaining the family court's ruling, and we will affirm if it is reasonably supported by the evidence. *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007).

**¶32** As Husband correctly argues, Wife's sole use of the April 2017 appraisal, which she briefly referenced in her pretrial statement, was to refute Husband's allegation that Wife deliberately caused damage to the marital residence. The April 2017 appraisal was never offered, much less admitted, into evidence by either party, and Wife does not cite to it as an item in the record on appeal. Moreover, Wife did not request, either at trial or at any other time, that the family court reallocate its division of community property based on the April 2017 appraisal. In fact, it appears Wife raises this issue for the first time in her opening brief. *See K.B. v. State Farm Fire & Cas. Co.*, 189 Ariz. 263, 268 (App. 1997) (noting that appellate courts generally do not consider arguments raised for the first time on appeal).

**¶33** Even assuming *arguendo* that Wife properly made and preserved this argument for appeal, however, we conclude the family court did not abuse its discretion in relying on the previously relied-upon November 2016 valuation when restoring the equitable division of property between Husband and Wife. Under A.R.S. § 25-318(A), community property is to be divided equitably, though not necessarily exactly evenly, *see Toth v. Toth*, 190 Ariz. 218, 221 (1997), and in equitably dividing

community property, the family court is authorized to consider "excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community [property]," A.R.S. § 25-318(C). The use of the November 2016 valuation date resulted in substantial equality and was within the family court's discretion, and nothing about the court's reliance on the November 2016 appraisal in valuing the marital residence impugns the fairness of the result. *See Sample*, 152 Ariz. at 242.

### IV. Costs and Attorneys' Fees on Appeal

¶**34** Both parties request costs and attorneys' fees on appeal pursuant to A.R.S. § 25-324. Section 25-324(A) provides a basis for an award of attorneys' fees on appeal upon consideration of the parties' financial resources and the reasonableness of the positions each party has taken throughout the proceedings. Although Wife argues her income is significantly less than that of Husband, both parties clearly have substantial financial resources. Additionally, after consideration of the reasonableness of the positions each party has taken, we award attorneys' fees to Husband, in an amount to be determined upon compliance with Arizona Rule of Civil Appellate Procedure ("ARCAP") 21. As the successful party, Husband is awarded taxable costs on appeal, also upon compliance with ARCAP 21.

### CONCLUSION

¶**35** The family court's judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA